**Martha Davis MOCK, Appellant,**

v.

**Robert James MOCK, Appellee.**

**No. 11–05–00139–CV.**

Court of Appeals of Texas, Eastland.

May 4, 2006.

Rehearing Overruled June 1, 2006.

---

1. 124 S.W.3d 390.

2. *Id.* at 397.

3. *See* TEX. LOC. GOV'T CODE § 158.009.

Bob O'Donnell, Garland, for appellant.

Brad M. LaMorgese, Cooper & Scully, P.C., Steven W. Bruneman, Law Office of Steven W. Bruneman, Dallas, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This appeal arises from a divorce proceeding. Martha Davis Mock raises two points of error. In the first point, appellant argues that the trial court erred in characterizing a savings account as com-

munity property instead of as her separate property and in awarding some of the funds in the account to Robert James Mock. In the second point, appellant argues that the trial court erred in ordering her to pay credit card debts that appellee incurred in his name. We affirm.

### Background Facts

Appellant and appellee were married on September 27, 1986. They have two daughters. At the time of trial, appellant had been employed as a school teacher for twenty-six years. Appellee had been employed by the United States Postal Service throughout the marriage. Appellant and appellee maintained separate bank accounts and credit card accounts during the marriage, and they shared expenses during the marriage.

### Credit Union Account

Appellant maintained a savings account solely in her name at the Credit Union of Texas. At the time of trial, the savings account had a balance of $39,654. Appellant argues that the trial court erred in characterizing the account as community property and in awarding $29,827 in the account to appellee.

Appellant testified that she deposited $150 a month from her paycheck into the account. She said that she had been making this monthly deposit for such a long period of time that she could not remember when she started making it. Appellant agreed that the $150 deposits were community property. Appellant also testified that her father, Robert Davis, gave her yearly gifts in the amount of $10,000 in the form of checks. She said that she deposited the gift checks from Davis into the savings account. However, appellant did not testify as to how many of these gift checks she had deposited into the savings account. Appellant said that she had used funds from the savings account to purchase Texas Tomorrow Funds—totaling $22,000—for her daughters. Appellant did not present any documentary evidence relating to the account, nor did she present any of the gift checks from Davis.

Davis testified that he had been making gifts to appellant for ten years. He said that the gifts were for "basically $10,000 a year" and that the gifts were either by check, property, or transfer. For example, Davis said that he gave appellant land in Gunter, Texas, and shares of stock in Texas Instruments. Davis believed that he had given appellant gifts of stock in two years. He said that, when he gave appellant gifts of money, he gave her checks and that appellant deposited the checks. Davis did not testify as to how many gift checks he had given appellant over the years.

Appellee testified that he knew appellant deposited $150 a month into the savings account. He said that he did not know whether appellant deposited gift checks from her father into the account. Appellee said that he really did not know "what's going in and out of that account."

■ Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam.Code Ann. § 3.003(a) (Vernon 1998). To rebut this presumption, the person seeking to prove the separate character of the property must do so by clear and convincing evidence. Section 3.003(a). "Clear and convincing" evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002).

■ Appellant contends that she proved the separate nature of the savings account by clear and convincing evidence. Sepa-

rate property is property owned by a spouse before marriage or acquired by a spouse by gift, devise, or descent during the marriage. TEX. FAM.CODE ANN. § 3.001 (Vernon 1998). Appellant asserts that the gift checks from her father were her separate property. She acknowledges that the gifts were commingled in the account with community property-$150 a month from her paycheck. Appellant contends that she deposited gifts into the account in excess of the account balance of $39,654. Therefore, she asserts that the balance of $39,654 is her separate property under the community-out-first rule. Under this rule, courts presume that separate funds in a commingled account sink to the bottom of the account and that community funds are withdrawn first. *See Hill v. Hill*, 971 S.W.2d 153, 158 (Tex.App.-Amarillo 1998, no pet.).

■ A party seeking to rebut the community presumption must trace the assets on hand during the marriage back to property that, because of its time and manner of acquisition, is separate in character. *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex.1975); *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex.App.-Fort Worth 2004, no pet.). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Boyd*, 131 S.W.3d at 612. Appellant testified that she deposited a $10,000 gift check from Davis into the account every year; however, she did not testify as to how many years she made these deposits. According to Davis's testimony, he did not give appellant a $10,000 check on a yearly basis. Instead, he said that in some years he gave her land or stock. Therefore, appellant's evidence failed to show the amount of separate funds that she deposited into the savings account. Appellant did

not produce any records tracing the deposits to the account or the withdrawals from the account. As a general rule, testimony that funds are separate property without any tracing of the funds is insufficient to rebut the community presumption. *Boyd*, 131 S.W.3d at 612. Appellant failed to trace the assets in the account with any documentary evidence. In the absence of such evidence, appellant did not meet her burden of establishing by clear and convincing evidence that the balance in the savings account was her separate property. Therefore, the trial court did not err in characterizing the savings account as community property and in awarding $29,827 in the savings account to appellee. We overrule appellant's first point.

### Credit Card Debt

■ In her second point, appellant complains that the trial court erred in ordering her to pay credit card debts that were solely in appellee's name. The evidence showed that, during the marriage, appellee acquired several credit cards solely in his name. Appellant said that she did not sign any contracts relating to appellee's credit cards. Appellee had credit card debt of about $32,000 when he and appellant separated; and, by the time of trial, appellee's credit card debt had risen to about $55,000. The trial court ordered appellant to pay $26,204 in credit card debts and loans that appellee incurred in his name.

Appellant relies on Section 3.201 of the Family Code in arguing that the trial court erred in ordering her to pay appellee's credit card debts. *See* TEX. FAM.CODE ANN. § 3.201 (Vernon 1998). Section 3.201 limits spousal liability for debts incurred during the marriage. However, appellant's argument fails to recognize the distinction between community liability for a debt and personal liability for a debt. *See Cocker-*

*ham,* 527 S.W.2d at 171.[1] If a spouse is not personally liable for a debt, the creditor may not reach that spouse's separate property to satisfy the debt. TEX. FAM. CODE ANN. §§ 3.201–.202 (Vernon 1998). Unless it is shown that the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction, Section 3.201 has no effect on the long-standing presumption that debts contracted during the marriage are presumed to be on the credit of the community and, thus, are joint community obligations. *See Cockerham,* 527 S.W.2d at 171; *Kimsey v. Kimsey,* 965 S.W.2d 690, 702 (Tex.App.-El Paso 1998, pet. denied).

Appellant does not dispute that appellee incurred the debts at issue during the marriage. Therefore, the debts are presumptively community obligations. While the trial court ordered appellant to pay some of appellee's credit card debts, the trial court also awarded community property to appellant. Section 3.202(c) of the Family Code provides that "community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage." Thus, community property that was under appellee's sole or joint management during the marriage may be reached to satisfy debts incurred solely by appellee. Section 3.202; *see also Anderson v. Royce,* 624 S.W.2d 621, 623 (Tex.App.-Houston [14th Dist.] 1981, writ ref'd n.r.e.). Section 3.102 of the Family Code defines sole management and joint management community property. TEX. FAM.CODE ANN. § 3.102 (Vernon 1998). The record does not demonstrate that the community property awarded to appellant did not include property subject to appellee's sole management or joint

management during the marriage. Therefore, we find that the trial court did not err in ordering appellant to pay debts that were solely in appellee's name. We overrule appellant's second point.

### This Court's Ruling

We affirm the judgment of the trial court.

---

1. Appellant cites a number of cases in which creditors attempted to collect debts. These cases did not involve the division of community liabilities upon divorce, and, therefore, the cases do not apply.