**Glenys Anne O'NEAL, Appellant,**

v.

**Samuel Earl O'NEAL, Appellee.**

**No. 11–01–00277–CV.**

Court of Appeals of Texas, Eastland.

Feb. 14, 2002.

Rehearing Overruled March 21, 2002.

---

William Pasley, Pat W. Davis, Law Offices of William B. Pasley, Attorneys At Law, Dallas, for appellant.

Julie Reed, Attorney At Law, Thomas P. Earls, Attorney At Law, Dallas, for appellee.

Panel consists of ARNOT, C.J., and McCALL, J., and McCLOUD, S.J.[1]

## Opinion

AUSTIN McCLOUD, Senior Justice (Assigned). ·

This is a restricted appeal of a default divorce decree. Appellee filed for divorce. Appellant did not file an answer in the trial court. Appellant urges in her restricted appeal that the trial court abused its discretion in the property division and in the award of child support. We agree. We reverse and remand as to these issues.

A restricted appeal is a direct attack on the judgment of the trial court. TEX.R.APP.P. 30, regarding restricted appeals, provides:

A party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

The error complained of must be apparent from the face of the record. The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter's record. *Norman Communications v. Texas Eastman Company*, 955 S.W.2d 269 (Tex.1997); *In re E.K.N.*, 24 S.W.3d 586 (Tex.App.-Fort Worth 2000, no pet'n). The issue in this appeal is whether the errors urged by appellant are apparent from the face of the record.

Appellee was the only person who testified at the divorce hearing, and his testimony was brief. The reporter's record consists of four pages. Appellee testified that appellant was living in Queensland, Australia, and that there was one child, born or adopted, of the marriage. The child, a son, born April 20, 1999, resided with appellant in Australia at the time of the hearing. The record, regarding the estate of the parties and the amount of

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

child support, reflects the following testimony of appellee:

Q: You have set forth periods of possession in the decree; is that correct?

A: Yes.

Q: Is that fair and reasonable at this time?

A: Yes.

Q: And you have also set forth child support; is that correct?

A: Yes.

Q: There is an order for withholding we are asking the Court to sign, but we are not asking that it be used at this time because you are having to direct deposit the child support rather than do it through a child support office; is that correct?

A: Yes.

Q: So you will be doing all the child support from your bank to her bank?

A: Wire transfer, yes.

Q: Do you believe that that's fair and equitable and in the best interest of Connor at this time?

A: Yes.

Q: You and your wife have certain assets and debts that you have acquired during the marriage and that is divided in the decree of divorce?

A: Yes.

Q: Is that division fair and equitable?

A: Yes.

Q: Are you asking the Court to grant the divorce as set forth in the decree?

A: Yes.

 TEX. FAM. CODE ANN. § 6.701 (Vernon 1998) provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." The statute requires the petitioner, in a suit for divorce, to present proof to support the material allegations in the petition despite a respondent's failure to answer. *Ratisseau v. Ratisseau*, 44 S.W.3d 695, 697 (Tex.App.-Houston [14th Dist.] 2001, no pet'n); *Osteen v. Osteen*, 38 S.W.3d 809, 814 (Tex.App.-Houston [14th Dist.] 2001, no pet'n); *Considine v. Considine*, 726 S.W.2d 253 (Tex.App.-Austin 1987, no pet'n). Appellee requested the trial court, in his petition for divorce, to divide the parties' property in a just and equitable manner. Appellee also requested that the trial court decide the issue of child support.

The final decree of divorce signed by the trial court awarded all of the real property to appellee. The decree stated:

A. Real Property. IT IS ORDERED AND DECREED that SAMUEL EARL O'NEAL is awarded all right, title and interest in and to the real property located thereon at:

Lot 2, in Block H/8571, of Braeburn Glen Addition to the city of Dallas, Texas, according to the Map thereof in Volume 475, Page 2279, of the Map Records of Dallas County, Texas and commonly known as 11137 Cotillion, Dallas, Dallas County, Texas 75228, (hereinafter known as "Dallas real property"); and,

Lots No. 1, 2, 3, 4, 8, & 9, Block J, Cedar Bayou, an Addition to Grayson County, Texas as shown by the Plat of said Addition in the Plat Records of Grayson County, Texas, commonly known as 41 Cedar Bayou, Gordonville, Texas (hereinafter known as Grayson County real property)

and GLENYS ANNE O'NEAL is divested of all right, title and interest in and to said Dallas and Grayson County real property.

The decree also divided the parties' personal property: cash, bank accounts, re-

tirement accounts, IRA accounts, stocks, bonds, and securities. The decree ordered appellee to pay child support of $400 per month in quarterly installments of $1,200.

It appears that, as he was testifying, appellee was looking at the proposed decree to be signed by the trial court upon granting the decree. Appellee stated that he believed that the amount of child support set forth in the decree was "fair and equitable and in the best interest" of the child. Appellee also agreed that the division of the parties' assets and debts as set out in the decree was "fair and equitable."

TEX. FAM. CODE ANN. § 7.001 (Vernon 1998) states that the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. There is no evidence in the record of the value of any of the property divided by the trial court. The real property is described in the decree by a legal description. There is no evidence as to improvements, if any, located on the land. There is no evidence that the real property was appellee's separate property. There is no evidence as to appellee's income or financial ability to pay child support. See TEX. FAM. CODE ANN. §§ 154.061 thru 154.063 (Vernon 1998 & Supp.2002).

■ The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108 (Tex.1990). We hold that appellee's conclusions that the property division and the award of child support in the decree were fair and equitable are not sufficient evidence to support the material allegations in the petition. We hold that, based upon the evidence presented at the hearing, the trial court abused its discretion in the division of the estate of the parties and in the award of child support.

The decree of the trial court is reversed and remanded as to the division of the estate of the parties and as to the award of child support. In all other respects, the decree of the trial court is affirmed.