Opinion issued February 26, 2004






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00736-CV




HAROLD EARL WILSON, Appellant

V.

VERONICA WILSON, Appellee




On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 01-55351




O P I N I O N
          Appellant Harold Wilson submits a restricted appeal from a default divorce
judgment rendered in favor of appellee Veronica Wilson. We conclude that the
evidence is factually insufficient to support the trial court’s “just and right” division
of the community estate and therefore reverse and remand for a new trial.
Facts
          Veronica Wilson petitioned for a divorce from Harold Wilson. The clerk
issued citation and an officer personally served Harold Wilson with suit papers. 
Harold Wilson never filed an answer. On New Year’s Eve of 2001, the trial court
held a default judgment hearing, at which Veronica Wilson testified as the sole
witness. The trial court admitted no exhibits. 
          With respect to the division of the marital estate, Veronica Wilson initially
testified:
Q.You’re also asking the Court to award you the division of the
property as shown in the decree that’s in front of the Court and a
copy of which I am handing you; is that correct?
A.That’s correct.
Q.And in that decree his estate is about $1.2 million; is that correct?
A.Yes.
Q.And you’re asking for approximately half of the estate?
A.Yes.

(Emphasis added). The questions continue in the same vein: “You’re asking that
[personal property, clothing, jewelry, bank accounts, vehicles] be awarded to you,”
each to which Veronica Wilson responds, “Yes.” Counsel adds: “And you’re asking
for a judgment against him of $275,000?” Veronica Wilson again responds
affirmatively. Finally, Veronica Wilson acknowledges that “the rest of the property”
is to be awarded to her husband.
 
          After prompting from the trial court, counsel expanded on this testimony with
the following:
Q.You have approximately what you aggregate a total of about $1.2
million in assets? [sic]
A.Yes.
Q.Of that roughly $300,000 was the house?
A.Yes.
Q.The rest is all notes, land and CDs; is that correct?
A.Yes.
Q.You’re asking for the bank account that’s in your name?
A.Yes.
Q.That’s about $100,000?
A.Yes.
Q.And then you’re asking for about two point – $275,000 dollar
judgment against him for the other half of the reasonable value of
the estate to be awarded to you; is that correct?
A.Yes.
(Emphasis added).
          After this colloquy, the trial court asked: “Sir, what authority do I have as the
Court to grant a judgment instead of simply awarding assets to her in the amount
sufficient for that?” Counsel responded: “A cash award to make an equal division of
the estate based – also we have testified as to cruelty an [sic] unequal division but to
make a division of the estate awarding her a judgment.” The court then stated, “And
you’ve obviously written this decree and you believe that the language contained in
the decree is sufficient for the relief you’re requesting?” to which counsel represented
“I do.”
 
          Several days later, the trial court signed a final divorce decree, containing a
“Division of the Marital Estate” subsection. In it, the trial court awarded Veronica
Wilson a specifically identified piece of real property, household furnishings and
fixtures, any pension benefits relating to her past or future employment, “any and all
sums of cash in the possession of or subject to the sole control of Petitioner,”
securities in her name, two vehicles, and “$275,000 payable by Harold Earl Wilson
to Veronica Wilson on the day of divorce, by cash, cashier’s check, or money order
for which this Court grants a judgment against Harold Wilson in the amount of
$275,000, and for which let execution issue.” The decree awards Harold Wilson
furniture and fixtures in his sole possession or control, his pension benefits, securities
in his name, a vehicle, and real property described as land in Waller County, a
condominium unit in Jefferson County, and “land and improvement” on Exchange
Street in Harris County. The decree also awards a “Promissory Note and Deed of
Trust from Word of Love Church in the original amount of $254,000 dated 9-17-98.”
          Harold Wilson does not dispute that he was served with process and failed to
appear. He alleges, however, that he did not receive notice of the final default
hearing date, nor of entry of the final judgment. Having failed to file a motion for
new trial, he appeals by restricted appeal, contending that (1) his failure to receive
notice of the default judgment hearing warrants reversal, and (2) the record is
factually insufficient to support the division of assets in the final decree of divorce.
Restricted Appeal
          A direct attack on a judgment by restricted appeal must (1) be brought within
six months after the trial court signs the judgment, (2) by a party to the suit, (3) who
did not participate in the actual trial, and (4) the error complained of must be apparent
on the face of the record. Tex. R. App. P. 30; Norman Communications v. Texas
Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The “face of the record” consists of
all the papers on file in the appeal, including the statement of facts. Id. In addition
to citation and service issues, a restricted appeal confers jurisdiction upon the
appellate court to review whether the evidence is legally and factually sufficient to
support the judgment. Id. 
Notice
          A defendant who makes an appearance following service of process is entitled
to notice of the trial setting as a matter of constitutional due process. Peralta v.
Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S. Ct. 896, 899-900, (1988); LBL Oil
Co. v. Int’l Power Serv., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989). The same is not
true if the defendant fails to answer or otherwise appear. The law imposes no duty
on the plaintiff to notify a defendant before taking a default judgment when he has
been served properly with the citation and petition, and nonetheless has failed to
answer or otherwise appear. See Brooks v. Assoc. Fin. Servs. Corp., 892 S.W.2d 91,
94 (Tex. App.—Houston [14th Dist.] 1994, no writ). It is undisputed that Harold
Wilson received service of process and did not appear. He does not contest the
propriety of the citation or the method of service. He thus has failed to show error on
the face of the record regarding his claim that he had no notice of the trial setting.
          Having concluded that Harold Wilson has not shown error on the face of the
record regarding notice, we turn to his complaint that the record is factually
insufficient to support the division of property in the final decree of divorce. See
Norman Communications, 955 S.W.2d at 270.
Division of Marital Property
          The standard of review for property division issues in family law cases is abuse
of discretion. See Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998). A trial
court has broad discretion in dividing the “estate of the parties,” but must confine
itself to community property. Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex. 
1977). If a court of appeals finds reversible error that materially affects the trial
court’s “just and right” division of property, then it must remand the entire
community estate for a new division of the property. Jacobs v. Jacobs, 687 S.W.2d
731, 733 (Tex. 1985) (remanding to trial court for new division of community estate
when court of appeals found portion of division lacked evidentiary support). In
reviewing the factual sufficiency of Veronica Wilson’s affirmative claims, for which
she has the burden of proof, we examine all the evidence in the record, including any
evidence contrary to the judgment, to determine if the challenged finding is so weak
as to be clearly wrong and manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986).


 If the division of marital property lacks sufficient evidence in the
record to support it, then the trial court’s division is an abuse of discretion. See
Sandone v. Miller-Sandone, 116 S.W.3d 204, 209 (Tex. App.—El Paso 2003, no pet.)
(holding that trial court abused its discretion in dividing property because there was
no evidence of community estate’s value); see also Mai v. Mai, 853 S.W.2d 615, 618
(Tex. App.—Houston [1st Dist.] 1993, no writ) (legal and factual sufficiency are
relevant factors in assessing whether trial court abused its discretion).
          Harold Wilson first contends that neither he nor his wife works and that the
bulk—if not all—of the estate stems from a personal injury settlement he received
after sustaining serious personal injuries, including an amputated leg. A spouse’s
recovery for personal injuries during marriage is generally that spouse’s separate
property. Tex. Fam. Code Ann. § 3.001(3) (Vernon 1998). Portions of a personal
injury award may, however, belong to the community estate, including damages for
lost wages, medical expenses, and other expenses associated with the injury to the
community estate. Id.; Osborn v. Osborn, 961 S.W.2d 408, 414 (Tex.
App.—Houston [1st Dist.] 1997, pet. denied). In this case, the facts surrounding the
accident and personal injury lawsuit are largely absent from the trial court record. 
Veronica Wilson testified at a hearing regarding temporary orders that Harold Wilson
received “a fair amount of money when he had a leg crushed.” Veronica Wilson
moreover acknowledges the settlement in her brief, but contends that her husband co-mingled the separate property. To speculate as to the settlement and what happened
to its proceeds necessarily would require us to look for error outside the face of the
record. Rule 30 and the cases interpreting it stringently require that a direct attack by
restricted appeal may not rely on such extra-record speculation. See Tex. R. App. P.
30; Norman Communications, 955 S.W.2d at 270. Thus, we decline to address
Harold Wilson’s arguments about the amount of his personal injury settlement and
its purported characterization as separate property.



          The evidence that is apparent on the face of the record, however, is sparse and
inconsistent. In her testimony, Veronica Wilson fails to identify the amount of the
community estate. Initially, she testifies that the value of “his” estate “in the decree”
is $1.2 million. Later, she agrees that “you have approximately what you aggregate
[sic] total $1.2 million.” She fails to identify a referent to the pronoun “you.” She
never defines the assets of the community estate, nor describes them with any
particularity, other than a home worth $300,000, two vehicles, and a $100,000 bank
account. She fails to identify at all what “the rest of the property” is that she seeks
to have awarded to her husband. Finally, she testifies that she is entitled to a money
judgment against her husband for her share of “the rest” of these unidentified and
unvalued assets. Her testimony regarding the rough $1.2 million figure is subject to
conflicting inferences—“his,” or “yours,” or perhaps even “theirs.” Given the dearth
of evidence identifying, describing, and valuing the community estate, we hold that
there is insufficient evidence to support the division of assets. See O’Neal v. O’Neal,
69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.) (reversing default judgment
in restricted appeal because record contained no evidence as to value of any property
divided by trial court, no evidence of any improvements to land, and no evidence as
to whether land was separate or community property).
          The final decree of divorce illustrates this lack of affirmative proof—for it does
not match up with Veronica Wilson’s testimony. The decree refers to specific pieces
of land, a promissory note, and other assets never described or valued for division
during Veronica Wilson’s testimony. More importantly, it assesses a $275,000
personal money judgment against the defaulting defendant without any testimony
upon which to base such an award. A just and right division of assets generally does
not include an additional money judgment, absent evidence that a spouse secreted
specific assets that properly belonged to the community estate. See Schlueter, 975
S.W.2d at 588. The evidence presented at the default judgment hearing fits none of
the criteria for such an award. See O’Neal, 69 S.W.3d at 350 (noting that legal
description contained in decree is not itself evidence and that conclusory testimony
that decree was fair and equitable was not sufficient to support judgment).


 
Moreover, the allegations in a petition for divorce are not admitted by a defaulting
defendant—unlike other civil cases in which a defaulting defendant is presumed to
admit the petition’s allegations regarding liability and liquidated damages. Tex. Fam.
Code Ann. § 6.701 (Vernon 1998); see Sandone, 116 S.W.3d at 207 (petition for
divorce may not be taken as confessed if respondent does not file answer). Without
sufficient evidence, we cannot sustain the division of assets in the final divorce
decree.
Child Support
          The final decree of divorce awards $2,000 per month in child support to
Veronica Wilson. Harold Wilson contends that insufficient evidence supports the
child support award. Given our holding that insufficient evidence supports the
division of the community estate, we remand the child support determination to the
trial court, as such a claim may be “materially influenced” by the property division,
and we should not substitute our discretion for that of the trial court. See Jacobs, 687
S.W.2d at 732; see also O’Neal, 69 S.W.3d at 350 (reversing default judgment in
restricted appeal and remanding both the child support and division of the estate to
the trial court).
Conclusion
          A default judgment stands against defenses that could have been raised and
were not, but one granting affirmative relief will not stand without affirmative proof 
to support it. Here, the evidence is insufficient to support the division of assets in the
final decree of divorce. We therefore reverse the trial court’s decree of divorce with
respect to the division of the community estate of the parties and the child support
award and remand the case to the trial court for a new trial on these issues. We affirm
the decree of the trial court in all other respects. We deny Harold Wilson’s motion
to supplement the record.



                                                                        Jane Bland
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Bland.