# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00595-CV

**Magdalena Rodriguez Wolk, Appellant**

**v.**

**Robert E. Wolk, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-FM-05-006965, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a default judgment granting a final divorce decree. In four issues, appellant Magdalena Rodriguez Wolk contends that (i) she meets the requirements of a restricted appeal; (ii) there is no evidence in the record to support the trial court's setting of the amount of child support; (iii) there is no evidence in the record to support the trial court's division of the marital estate; and (iv) there is no evidence to support the trial court's assessment of attorney's fees and court costs. For the reasons that follow, we affirm the decree in part, and reverse and remand as to the issues raised by appellant.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 20, 2005, appellee Robert Wolk filed for divorce from appellant. Appellant did not answer or otherwise appear. A brief hearing was held on April 5, 2006. The

record shows that Mr. Wolk was the only witness to testify. He testified that he and appellant have a nineteen-year-old child with Down syndrome, that appellant has always been the primary caretaker for the child, and that appellant had taken care of the child for many years. He presented evidence of his income and asked the court to award appellant child support in the amount of $632 per month. Mr. Wolk testified that he had paid at least $700 to $1,500 per month for the last fifteen years in mortgage payments for the home where appellant and their child reside and asked the court not to grant retroactive child support. Mr. Wolk also testified that he paid $408 per month to provide health insurance for the child.

With regard to the division of property, Mr. Wolk testified that he was asking the trial court to award each of the parties "any and all personal effects in their possession" and "any cash, bank accounts, retirement accounts in their possession . . . in their name"; to require each party "to keep and pay any and all debts in their name"; and to divest Mr. Wolk of his interest in the community homestead and award it to appellant with appellant being responsible for "the mortgage and all other matters relating to the property." He testified to the location and legal description of the community homestead and stated that it was the only real estate that he and appellant both owned, but he did not provide testimony on the property's value or the outstanding debt on the property. The trial court signed a default divorce decree granting the relief sought on the same day as the hearing. The decree specified that each party was responsible for his or her own attorney's fees, expenses and costs, and that court costs were to be borne by the party that incurred them. On October 4, 2006, appellant filed a notice of appeal.

**ANALYSIS**

In her first issue, appellant argues that she is entitled to a restricted appeal. A party filing a restricted appeal must demonstrate he filed the appeal within six months of the date the judgment was rendered; he was a party to the suit; he did not participate at the hearing that resulted in the judgment complained of or file any post-judgment motions or appeals; and error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The "face of the record" consists of all the papers on file in the appeal, including the reporter's record. *Vazquez v. Vazquez*, ___ S.W.3d ___, No. 14-05-01257-CV, 2007 Tex. App. LEXIS 4713, at *4 (Tex. App.—Houston [14th Dist.] June 19, 2007, no pet.); *see also Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

Mr. Wolk concedes that appellant has established the first three requirements of a restricted appeal and that only the fourth requirement, error on the face of the record, is at issue. In her second, third and fourth issues, appellant argues that error is apparent on the face of the record as to the trial court's determinations regarding the division of the marital estate, the amount of child support, and the allocation of attorney's fees and court costs. As to the trial court's determinations on these issues, we agree that error is apparent on the face of the record.

*Standard of Review*

"In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code Ann. § 6.701 (West 2006). When a respondent in a divorce case fails to answer, the petitioner must still present proof to support the material allegations

in the petition. *Vazquez*, 2007 Tex. App. LEXIS 4713, at *5-6; *see also Barry v. Barry,* 193 S.W.3d 72, 75 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because appellant failed to answer or appear, Mr. Wolk was required to present proof at trial to support the material allegations in his petition.

Most appealable issues in family law cases are subject to evaluation under the abuse of discretion standard, including the division of property and the assessment of child support. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 205 (Tex. App.—El Paso 2003, no pet.). The test for abuse of discretion is whether the court acted without reference to any guiding principles and rules. *Id*. at 206. A default judgment of divorce also is subject to an evidentiary attack on appeal. *Vazquez*, 2007 Tex. App. LEXIS 4713, at *6. When sufficiency review overlaps the abuse of discretion standard, the inquiry on appeal is two-fold: did the trial court have sufficient information upon which to exercise its discretion and did the trial court err in its application of its discretion. *Sandone*, 116 S.W.3d at 206. Evidentiary sufficiency review comes into play as to the first question. *Id*.[1]

### *Division of Marital Estate*

In her third issue, appellant contends that the trial court erred in its division of the marital estate. The trial court awarded the community homestead to appellant, but ordered her to pay the "balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by [Mr. Wolk and appellant] on the [homestead]." The trial court also awarded all personal

---

[1] Because we conclude that the trial court did not have sufficient information to exercise its discretion in the division of the marital estate, the assessment of child support, or the award of attorney's fees, we only address the first inquiry as to each issue appellant raises.

effects, cash, bank accounts and retirement accounts to the party in possession and ordered both parties to pay "any and all debt" in his or her name.

The Texas Family Code provides that "[i]n a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code Ann. § 7.001 (West 2006). Courts have broad discretion in suits for divorce when dividing the property; but the division must be "just and right." *Sandone*, 116 S.W.3d at 207.

This case is similar to *O'Neal v. O'Neal*, 69 S.W.3d 347 (Tex. App.—Eastland 2002, no pet.), also a restricted appeal of a default divorce judgment. In *O'Neal*, the petitioner was the only witness at the hearing and provided scant testimony. *Id.* at 348-50. The trial court divided the community property, including real property, cash, bank accounts, retirement accounts, IRA accounts, stocks, bonds and securities between the parties, without evidence of the value of the property. *Id.* at 348-50. The court of appeals concluded that the trial court had abused its discretion in the division of the estate based on lack of evidence. *Id.* at 350.

The El Paso court of appeals reached the same conclusion in another case involving a restricted appeal of a default divorce decree. *Sandone*, 116 S.W.3d at 205. The court reversed the trial court's division of property because there was no evidence of the value of the assets or the amount of the liabilities. *Id.* at 207-08. Stating that "[w]ithout the ability to determine the size of the community pie, we can make no determination that the slices awarded to each spouse were just and right," the court held "a division of community property cannot be upheld where the record is absolutely devoid of any testimony concerning the value of the property divided by the court." *Id.*

at 205, 207-08; *see also Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (reversing property division due to the "dearth of evidence identifying, describing, and valuing the community estate").

Similarly, this record lacks evidence identifying, describing, and valuing the community estate. Although Mr. Wolk testified as to the location and legal description of the community homestead, and stated that he had made mortgage payments on the home of at least $700 to $1,500 per month for fifteen years, no other evidence was presented as to the value of the property or the outstanding debt on the property. Likewise, no evidence was presented to identify, describe, or value the other assets and liabilities divided in the decree. Instead, Mr. Wolk merely asked that the court allow each party to "keep any cash, bank accounts, retirement accounts in their possession . . . in their name" and that "each party be able to keep and pay any and all debts in their name." Accordingly, we conclude error is apparent on the face of the record and that the trial court abused its discretion in the division of the marital estate based on the lack of evidence. *See Sandone*, 116 S.W.3d at 208. We sustain appellant's third issue.

### *Amount of Child Support*

In her second issue, appellant contends the trial court erred in its determination of the amount of child support. The trial court applied the child support guidelines, based upon evidence of Mr. Wolk's income, and awarded appellant $632 per month in child support. *See* Tex. Fam. Code Ann. § 154.130 (West 2002). Because we have remanded the division of the community estate to the trial court, we also remand the determination of child support as such an award may be "materially influenced" by the property division, and we should not substitute our

6

discretion for that of the trial court. *See Vazquez*, 2007 Tex. App. LEXIS 4713, at \*12; *see also Wilson*, 132 S.W.3d at 539.

The Texas Family Code also specifies four factors that a court "shall determine and give special consideration to" when setting the amount of child support for a disabled child after his eighteenth birthday. Tex. Fam. Code Ann. § 154.306 (West 2002). The factors are:

(1)   any existing or future needs of the adult child directly related to the adult child's mental or physical disability and the substantial care and personal supervision directly required by or related to that disability;

(2)   whether the parent pays for or will pay for the care or supervision of the adult child or provides or will provide substantial care or personal supervision of the adult child;

(3)   the financial resources available to both parents for the support, care, and supervision of the adult child; and

(4)   any other financial resources or other resources or programs available for the support, care, and supervision of the adult child.

*Id.* Though evidence was presented that the child has Down syndrome, that appellant has always been the primary caretaker, and that she has been taking care of the child for years, there was no evidence showing the child's current or future medical needs relating to his disability, the substantial care and supervision required relating to the child's disability, whether appellant pays or will pay for the care or supervision of the child or will provide substantial care, or financial or other resources or programs available for the support and care of the child. We conclude that on the face of the record, the trial court did not have sufficient information "to determine and give special consideration" to the statutorily required factors. *See id.*; *see also Sandone*, 116 S.W.3d at 208. We sustain appellant's second issue.

***Attorney's fees and court costs***

In her fourth issue, appellant contends the trial court erred in its assessment of attorney's fees and court costs. The trial court ordered in the divorce decree that each party was responsible for his or her own attorney's fees, expenses and costs, and that court costs were to be borne by the party that incurred the costs. A court may apportion attorney's fees in a divorce action as part of a just and right division of the property. *Sandone*, 116 S.W.3d at 208. Mr. Wolk, however, did not present any evidence of incurred attorney's fees. Because we have reversed and remanded the division of the marital estate, and because no evidence was presented on the amount of incurred attorney's fees, we sustain appellant's fourth issue and remand the assessment of fees and costs for further consideration by the trial court in connection with the other remanded issues. *See Barry*, 193 S.W.3d at 76.

## CONCLUSION

We affirm the trial court decree in part, and having sustained appellant's issues, reverse and remand for a new trial on the issues raised by appellant.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed: September 12, 2007

8