COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH



## NO. 2-08-213-CV

KEELY DENISE BALL                                                    APPELLANT

V.

THOMAS MICHAEL RONEY                                          APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Keely Denise Ball brings this restricted appeal from her divorce decree complaining that there is no evidence that the trial court's division of property and debts is just and right. Because we hold that there was no clear and convincing evidence that the parties possessed no community property and that there was no evidence presented to the trial court concerning the value of

---

[1] *See* Tex. R. App. P. 47.4.

the assets or the amount of the liabilities, we are required to reverse and remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Thomas Michael Roney and Ball married in 1986, and Roney filed for divorce on October 26, 2007. Ball did not file an answer. The trial court heard testimony from Roney and signed the final decree of divorce on December 12, 2007.

The trial court awarded Roney all household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in his possession or subject to his control; all clothing, jewelry, and personal effects in his possession or subject to his control; the funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions in his name or in Thomas Roney, LLC; all stock, interest, and assets in Thomas Roney, LLC; and the 2006 Honda Civic. The trial court ordered Roney to pay all debt on the Honda Civic lease; the debt in his name that was owed to any institution, credit card, or bank; and all debts and liabilities of Thomas Roney, LLC.

Ball received all deposits on the property known as 4021 Caldwell Avenue, The Colony, Texas; all household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in her possession or

2

subject to her sole control; all clothing, jewelry, and other personal effects in her possession or subject to her sole control; the funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions in her name; the sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of her past, present, or future employment; and the vehicle in her possession. The trial court ordered Ball to pay all debt incurred to any institution, credit card, or bank in her name.

Ball filed her notice of appeal within six months after the judgment was signed and stated that she did not participate in the decision-making event that produced the final judgment; that she did not timely file a postjudgment motion, a request for findings of fact, or a notice of ordinary appeal; and that error is apparent on the face of the record. Ball therefore has met the requirements for a restricted appeal. *See* Tex. R. App. P. 30; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

### III. No Clear And Convincing Evidence To Rebut Community Property Presumption and No Evidence of the Value of the Assets and Debts Divided By Divorce Decree

Ball argues in her second issue[2] that the trial court abused its discretion by dividing the parties' marital estate because there is no evidence that the division of property and debts is just and right. Roney responds that his statement at trial—that there was no "attributable community property" to be divided—is sufficient evidence for the trial court to divide the property as it did in the final decree.

#### A. Standard of Review

Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 205 (Tex. App.—El Paso 2003, no pet.). While the appellant may challenge the sufficiency of the evidence to support findings of fact, in most circumstances, that is not enough. *Id.* at 205–06. If, for example, an appellant is challenging the sufficiency of the evidence to support the court's valuation of a particular asset, she must also contend that

---

[2] Ball's first issue sets forth her compliance with Texas Rule of Appellate Procedure 30, showing that she is entitled to file a restricted appeal. *See* Tex. R. App. P. 30.

the erroneous valuation caused the court to abuse its discretion in the overall division of the community estate. *Id.* at 206. Because these issues implicate two different appellate standards of review, we must address both of them.

In considering a legal sufficiency or "no evidence" point, an appellate court considers only the evidence which tends to support the jury's findings and disregards all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *Sandone*, 116 S.W.3d at 206. If any probative evidence supports the factfinder's determination, it must be upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951); *Neily v. Aaron*, 724 S.W.2d 908, 913 (Tex. App.—Fort Worth 1987, no writ).

The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Sw. Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965).

Where sufficiency review overlaps the abuse of discretion standard, we engage in a two pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? *Sandone*, 116 S.W.3d at 206. The traditional sufficiency review comes into play with regard to the first question; however, our inquiry cannot stop there. *Id.* We must proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* Stated inversely, we must conclude that the trial court's decision was neither arbitrary nor unreasonable. *Id.*

### B. Property Division and Valuation Evidence

Property owned before marriage or acquired during marriage by gift, devise, or descent is separate property. Tex. Fam. Code Ann. § 3.001 (Vernon 2006). Community property consists of all property, other than separate property, acquired by either spouse during marriage. *Id.* § 3.002. All property on hand at the dissolution of marriage is presumed to be community property. *Id.* § 3.003(a). This, however, is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish the separate character by clear and convincing evidence usually through tracing. *Id.* § 3.003(b); *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.). Any doubt as to the character of property should be resolved in favor of the community

6

estate. *Id.* § 3.003(a). A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. *Id.* § 7.001.

Although the trial court is not required to divide the community estate equally, its division must be equitable. *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Schuster v. Schuster*, 690 S.W.2d 644, 645 (Tex. App.—Austin 1985, no writ). The trial court's discretion is not unlimited, and there must be some reasonable basis for an unequal division. *Zieba*, 928 S.W.2d at 790. Courts are vested with wide discretionary powers in suits for divorce, but the division of property must be just and right. *Massey v. Massey*, 807 S.W.2d 391, 405 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

A petition for divorce may not be taken as confessed if the respondent does not file an answer. Tex. Fam. Code Ann. § 6.701 (Vernon 1998). The statute requires the petitioner to present proof to support the material allegations in the petition despite a respondent's failure to answer. *Sandone*, 116 S.W.3d at 207.

Here, Roney was the only witness to testify, and his entire testimony consists of two pages of the record. The only evidence regarding the property of the parties is recited here verbatim:

7

Q.     And you have not come to an agreement on the division of property, but you propose a division of property which includes that she has all the possessions in her -- has all items in her possession, bank accounts and you have all items in your possession, bank accounts and does the marriage have any attributable community property?

A.     No.

Q.     And she has her car and you have your car and she's a CPA; is that correct?

A.     That's correct.

Q.     And she works and has worked in Dallas in the past, correct?

A.     Yes.

Q.     And you've divided up any debts between the parties and this is strictly what you put on your credit card and what she's put on her credit card?

A.     Yes.

No exhibits were introduced into evidence.

The first issue that we must address is whether Roney's monosyllabic response to a compound question provides clear and convincing evidence establishing the parties' separate property and rebutting the community property presumption.  At the tail end of the compound question, the attorney questioning Roney asked if the marriage produced any attributable community property, to which Roney answered, "No."  If we begin with the required statutory presumption that all the couples' assets were community property,

8

then Roney's monosyllabic response fails to overcome that presumption because Roney did not trace any of the assets from the marriage back in time to prove their separate character. *See Mock v. Mock*, 216 S.W.3d 370, 373 (Tex. App.—Eastland 2006, pet. denied) (citing *Boyd*, 131 S.W.3d at 612, and stating general rule that testimony that funds are separate property without any tracing of the funds is insufficient to rebut the community presumption). Because Roney failed to trace any of the assets, he did not meet his burden of establishing by clear and convincing evidence that no community property existed at the dissolution of the marriage. *See id.* (holding that appellant failed to trace assets in savings account listed in her name and absence of such tracing meant that appellant did not meet her burden of establishing by clear and evidence that the balance in the account was her separate property).

Having analyzed the character of the property, we now turn to the valuation of the property. The facts before us are very similar to those in *O'Neal v. O'Neal*. 69 S.W.3d 347 (Tex. App.—Eastland 2002, no pet.). Mr. O'Neal was the only witness at the hearing, and his testimony was quite brief. *Id.* at 348. The trial court divided the parties' personal property, cash, bank accounts, retirement accounts, IRA accounts, stocks, bonds, and securities, although there was no evidence of value. *Id.* at 349–50. Based upon the lack

of evidence, the appellate court concluded that the trial court had abused its discretion in the division of the estate. *Id.* at 350.

Here, there is a complete absence of evidence to support the division of property. We find no pleadings or proof to establish the value of the assets and debts. Without the ability to determine the size of the community pie, we can make no determination that the slices awarded to each spouse were just and right. Because there is no evidence of value, there is no evidence to support the judgment. Consequently, we hold that the trial court abused its discretion in the division of property. *See Sandone*, 116 S.W.3d at 208 (holding that trial court abused its discretion in making property division where there was no evidence of values); *O'Neal*, 69 S.W.3d at 350 (same). We sustain Ball's second issue.

## IV. CONCLUSION

Having sustained Ball's second issue, we reverse and remand.

SUE WALKER
JUSTICE

PANEL: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: November 6, 2008

10