COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-213-CV

 

 

KEELY DENISE BALL                                                             APPELLANT

 

                                                      V.

 

THOMAS MICHAEL RONEY                                                      APPELLEE

 

                                                  ------------

 

             FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

I.  Introduction








Appellant Keely Denise Ball
brings this restricted appeal from her divorce decree complaining that there is
no evidence that the trial court=s division of property and debts is just and right.  Because we hold that there was no clear and
convincing evidence that the parties possessed no community property and that
there was no evidence presented to the trial court concerning the value of the
assets or the amount of the liabilities, we are required to reverse and remand.

II.  Factual and Procedural Background

Appellee Thomas Michael Roney
and Ball married in 1986, and Roney filed for divorce on October 26, 2007.  Ball did not file an answer. The trial court
heard testimony from Roney and signed the final decree of divorce on December
12, 2007.  

The trial court awarded Roney
all household furniture, furnishings, fixtures, goods, art objects,
collectibles, appliances, and equipment in his possession or subject to his
control; all clothing, jewelry, and personal effects in his possession or
subject to his control; the funds on deposit, together with accrued but unpaid
interest, in banks, savings institutions, or other financial institutions in
his name or in Thomas Roney, LLC; all stock, interest, and assets in Thomas
Roney, LLC; and the 2006 Honda Civic. 
The trial court ordered Roney to pay all debt on the Honda Civic lease;
the debt in his name that was owed to any institution, credit card, or bank;
and all debts and liabilities of Thomas Roney, LLC.  








Ball received all deposits on
the property known as 4021 Caldwell Avenue, The Colony, Texas; all household
furniture, furnishings, fixtures, goods, art objects, collectibles, appliances,
and equipment in her possession or subject to her sole control; all clothing,
jewelry, and other personal effects in her possession or subject to her sole
control; the funds on deposit, together with accrued but unpaid interest, in
banks, savings institutions, or other financial institutions in her name; the
sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise,
together with all increases thereof, the proceeds therefrom, and any other
rights related to any profit-sharing plan, retirement plan, Keogh plan, pension
plan, employee stock option plan, 401(k) plan, employee savings plan, accrued
unpaid bonuses, disability plan, or other benefits existing by reason of her
past, present, or future employment; and the vehicle in her possession.  The trial court ordered Ball to pay all debt
incurred to any institution, credit card, or bank in her name. 

Ball filed her notice of
appeal within six months after the judgment was signed and stated that she did
not participate in the decision‑making event that produced the final
judgment; that she did not timely file a postjudgment motion, a request for
findings of fact, or a notice of ordinary appeal; and that error is apparent on
the face of the record.  Ball therefore
has met the requirements for a restricted appeal.  See Tex. R. App. P. 30; Norman
Commc=ns v. Tex.
Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997).

 

 








III.  No Clear
And Convincing Evidence To Rebut Community Property Presumption and No Evidence
of the Value of the Assets and Debts 

Divided By Divorce Decree

 

Ball argues in her second
issue[2]
that the trial court abused its discretion by dividing the parties= marital estate because there is no evidence that the division of
property and debts is just and right. 
Roney responds that his statement at trialCthat there was no Aattributable community property@ to be dividedCis
sufficient evidence for the trial court to divide the property as it did in the
final decree. 

A.  Standard of Review








Most of the appealable issues
in a family law case are evaluated against an abuse of discretion standard, be
it the issue of property division incident to divorce or partition,
conservatorship, visitation, or child support.  Sandone v. Miller‑Sandone, 116
S.W.3d 204, 205 (Tex. App.CEl Paso 2003, no pet.). While the appellant may challenge the
sufficiency of the evidence to support findings of fact, in most circumstances,
that is not enough.  Id. at 205B06.  If, for example, an
appellant is challenging the sufficiency of the evidence to support the court=s valuation of a particular asset, she must also contend that the
erroneous valuation caused the court to abuse its discretion in the overall
division of the community estate.  Id.
at 206.  Because these issues implicate
two different appellate standards of review, we must address both of them.

In considering a legal
sufficiency or Ano evidence@ point, an appellate court considers only the evidence which tends to
support the jury=s findings
and disregards all evidence and inferences to the contrary.  Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965); Sandone, 116 S.W.3d at 206. 
If any probative evidence supports the factfinder=s determination, it must be upheld. 
In re King=s Estate, 150 Tex. 662, 244 S.W.2d
660, 661B62 (1951); Neily v. Aaron, 724 S.W.2d 908, 913 (Tex. App.CFort Worth 1987, no writ).

The test for an abuse of
discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court=s action, but whether the court acted without reference to any guiding
rules and principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).  The
mere fact that a trial judge may decide a matter within his discretionary
authority in a different manner than an appellate judge in a similar
circumstance does not demonstrate that an abuse of discretion has
occurred.  Sw. Bell Telephone Co. v.
Johnson, 389 S.W.2d 645, 648 (Tex. 1965).








Where sufficiency review
overlaps the abuse of discretion standard, we engage in a two pronged
inquiry:  (1) Did the trial court have
sufficient information upon which to exercise its discretion; and (2) did the
trial court err in its application of discretion?  Sandone, 116 S.W.3d at 206.  The traditional sufficiency review comes into
play with regard to the first question; however, our inquiry cannot stop
there.  Id.  We must proceed to determine whether, based
on the elicited evidence, the trial court made a reasonable decision.  Id. Stated inversely, we must conclude
that the trial court=s decision
was neither arbitrary nor unreasonable.  Id.

B.  Property Division and Valuation Evidence








Property owned before
marriage or acquired during marriage by gift, devise, or descent is separate
property.  Tex. Fam. Code Ann. ' 3.001 (Vernon 2006).  Community
property consists of all property, other than separate property, acquired by
either spouse during marriage.  Id. ' 3.002.  All property on hand at
the dissolution of marriage is presumed to be community property.  Id. ' 3.003(a).  This, however, is a
rebuttable presumption, requiring a spouse claiming assets as separate property
to establish the separate character by clear and convincing evidence usually
through tracing.  Id. ' 3.003(b); Boyd v. Boyd, 131 S.W.3d 605, 612 (Tex. App.CFort Worth 2004, no pet.).  Any
doubt as to the character of property should be resolved in favor of the
community estate.  Id. ' 3.003(a).  A trial court is
charged with dividing the community estate in a Ajust and right@ manner,
considering the rights of both parties.  Id.
' 7.001.

Although the trial court is
not required to divide the community estate equally, its division must be
equitable.  Zieba v. Martin, 928
S.W.2d 782, 790 (Tex. App.CHouston [14th Dist.] 1996, no writ); Schuster v. Schuster, 690
S.W.2d 644, 645 (Tex. App.CAustin 1985, no writ).  The
trial court=s discretion
is not unlimited, and there must be some reasonable basis for an unequal
division.  Zieba, 928 S.W.2d at
790.  Courts are vested with wide
discretionary powers in suits for divorce, but the division of property must be
just and right.  Massey v. Massey,
807 S.W.2d 391, 405 (Tex. App.CHouston [1st Dist.] 1991, writ denied).

A petition for divorce may
not be taken as confessed if the respondent does not file an answer.  Tex. Fam. Code Ann. ' 6.701 (Vernon 1998).  The
statute requires the petitioner to present proof to support the material
allegations in the petition despite a respondent=s failure to answer.  Sandone,
116 S.W.3d at 207. 

Here, Roney was the only
witness to testify, and his entire testimony consists of two pages of the record.  The only evidence regarding the property of
the parties is recited here verbatim:








Q.     And you have not come to an agreement on
the division of property, but you propose a division of property which includes
that she has all the possessions in her ‑‑ has all items in her
possession, bank accounts and you have all items in your possession, bank
accounts and does the marriage have any attributable community property?

 

A.     No.

 

Q.     And she has her car and you have your car
and she=s a
CPA; is that correct?

 

A.     That=s
correct.

 

Q.     And she works and has worked in Dallas in the past, correct?

 

A.     Yes.

 

Q.     And you=ve divided up any debts
between the parties and this is strictly what you put on your credit card and
what she=s put
on her credit card?

 

A.     Yes. 

 

No exhibits were introduced into evidence.








The first issue that we must
address is whether Roney=s
monosyllabic response to a compound question provides clear and convincing
evidence establishing the parties= separate property and rebutting the community property
presumption.  At the tail end of the
compound question, the attorney questioning Roney asked if the marriage
produced any attributable community property, to which Roney answered, ANo.@  If we begin with the required statutory
presumption that all the couples= assets were community property, then Roney=s monosyllabic response fails to overcome that presumption because
Roney did not trace any of the assets from the marriage back in time to prove
their separate character.  See Mock v.
Mock, 216 S.W.3d 370, 373 (Tex. App.CEastland 2006, pet. denied) (citing Boyd, 131 S.W.3d at 612,
and stating general rule that testimony that funds are separate property
without any tracing of the funds is insufficient to rebut the community
presumption).  Because Roney failed to
trace any of the assets, he did not meet his burden of establishing by clear
and convincing evidence that no community property existed at the dissolution
of the marriage.  See id. (holding
that appellant failed to trace assets in savings account listed in her name and
absence of such tracing meant that appellant did not meet her burden of
establishing by clear and evidence that the balance in the account was her
separate property).








Having analyzed the character
of the property, we now turn to the valuation of the property.  The facts before us are very similar to those
in O=Neal v. O=Neal.  69 S.W.3d 347 (Tex. App.CEastland 2002, no pet.).  Mr. O=Neal was the only witness at the hearing, and his testimony was quite
brief.  Id. at 348.  The trial court divided the parties= personal property, cash, bank accounts, retirement accounts, IRA
accounts, stocks, bonds, and securities, although there was no evidence of
value.  Id. at 349B50.  Based upon the lack of
evidence, the appellate court concluded that the trial court had abused its
discretion in the division of the estate. 
Id. at 350.

Here, there is a complete
absence of evidence to support the division of property.  We find no pleadings or proof to establish
the value of the assets and debts. 
Without the ability to determine the size of the community pie, we can
make no determination that the slices awarded to each spouse were just and
right.  Because there is no evidence of
value, there is no evidence to support the judgment.  Consequently, we hold that the trial court
abused its discretion in the division of property.  See Sandone, 116 S.W.3d at 208
(holding that trial court abused its discretion in making property division
where there was no evidence of values); O=Neal, 69 S.W.3d at 350
(same).  We sustain Ball=s second issue.

IV.  Conclusion

Having sustained Ball=s second issue, we reverse and remand.

 

SUE WALKER

JUSTICE

 

PANEL:
HOLMAN, GARDNER, and WALKER, JJ.

 

DELIVERED:  November 6, 2008

 











[1]See Tex.
R. App. P. 47.4.





[2]Ball=s
first issue sets forth her compliance with Texas Rule of Appellate Procedure
30, showing that she is entitled to file a restricted appeal.  See Tex. R. App. P. 30.