

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00304-CV

———————————————

DANIEL GREGORY MACLELLAN, Appellant

V.

MARCIA MACLELLAN, Appellee

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. 21-4710-211

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

This is a restricted appeal from a no-answer default judgment in a divorce case. In a single issue, Appellant Daniel Gregory MacLellan argues that the trial court abused its discretion by dividing the parties' community property without any evidence of the value of the items. Appellee Marcia MacLellan did not file a brief refuting Daniel's contention.[1] Because error is apparent from the face of the record, as there is no evidence to support the trial court's property division, we reverse the final decree of divorce in part and remand the case for a new trial solely as to the property division; we affirm the portion of the final decree that grants the divorce.

## II. Procedural Background

After Marcia, who was proceeding pro se, filed her original petition for divorce, Daniel filed a waiver of service. Marcia then retained counsel, filed an "Affidavit for Prove-Up of Default Divorce Without Children," and "submitted a decree of divorce." Six days later, the trial court signed a final decree. No postjudgment motions were filed. Daniel then filed a notice of restricted appeal.

---

[1]We provided two extensions of time for Marcia to file her brief, extending the deadline from December 23, 2021, to April 25, 2022. A late-brief notice was sent on June 8, 2021, giving Marcia until June 21, 2022, to file her brief. The orders granting the extensions, as well as the late-brief notice, were mailed to the address on file for Marcia and were not returned as undelivered.

### III. Restricted Appeal Requirements Met

In his sole issue, Daniel argues that the trial court erred by entering the final decree of divorce "when the evidence presented was legally and factually insufficient to support the relief granted." Specifically, Daniel argues that "there is a complete absence of evidence to support the division of property because there is no evidence of the properties' values." We begin by setting forth the requirements of a restricted appeal and analyzing the first three elements to determine our jurisdiction over this appeal. After confirming we have jurisdiction, we determine that error is apparent from the face of the record because no evidence was presented to show the values of the property that was divided.

To prevail in this restricted appeal, Daniel must show that (1) he timely filed a notice of restricted appeal; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a); and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re S.W.*, 614 S.W.3d 311, 313 (Tex. App.—Fort Worth 2020, no pet.). The first three requirements are necessary to invoke our restricted-appeal jurisdiction, but the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 496 (Tex. 2020).

## A. Analysis of the First Three Requirements

Here, as to the first requirement, the record reflects that Daniel timely filed his notice of restricted appeal within the six-month deadline set by Texas Rule of Appellate Procedure 26.1(c). *See* Tex. R. App. P. 26.1(c), 30. With regard to the second requirement, Marcia's petition listed Daniel as the respondent, so he was necessarily a party to the underlying suit. As to the third requirement, the final decree shows that Daniel "waived issuance and service of citation by waiver duly filed and did not otherwise appear,"[2] and the record reflects that Daniel did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a). Accordingly, Daniel has met the three requirements necessary to invoke our restricted-appeal jurisdiction.

## B. Analysis of the Fourth Requirement

Daniel argues that he met the fourth requirement because the record demonstrates that no evidence was presented to support the allegations in the petition.[3] In evaluating this argument, we first set forth the standard for reviewing a

---

[2]The Texas Supreme Court, under the former writ-of-error procedure, held that signing an agreement incident to divorce and a waiver of citation "were not sufficient acts of participation to preclude [the appellant] from obtaining writ[-]of[-]error review." *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). Thus, merely signing a waiver of citation is not a sufficient act of participation to preclude a restricted appeal.

[3]Although Daniel makes this broad assertion, the crux of his argument appears to take aim at the property division, not the granting of the divorce, because he concludes his argument by stating that "[c]onsequently, the trial court abused its discretion in the division of property." Moreover, Marcia's affidavit proved up the

4

property division and then conduct a review under that standard to see if there is error on the face of the record before concluding that there is.

The trial court has broad discretion in making a "just and right" division; absent a clear abuse of discretion, we will not disturb the trial court's division. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *6 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.). A trial court abuses its discretion if it acts arbitrarily or unreasonably or does not analyze or apply the law properly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Whether the evidence supporting such rulings is legally and factually sufficient is relevant in deciding whether the trial court abused its discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g). To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *Logsdon v. Logsdon*, No. 02-14-00045-CV, 2015 WL 7690034, at *3 (Tex. App.—Fort Worth Nov. 25, 2015, no pet.) (mem. op.) (citing *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.)).

---

grounds for the divorce by stating that the "marriage ha[d] become insupportable because of a discord or conflict of personalities that destroy[ed] the legitimate ends of the marriage relationship." We therefore uphold the portion of the decree ordering the parties divorced.

In a restricted appeal, we may consider only the evidence that was included in the appellate record and that was before the trial court at the time the judgment was rendered. *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *2 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.) (citing *Norman Comm'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)).

In order to prove up a property division in a no-answer default divorce,

> "the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code Ann. § 6.701. Thus, if the respondent in a divorce case fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *Heap-Welch*[ *v. Welch*, No. 05-19-01260-CV], 2020 WL 6304992, at *2 [(Tex. App.— Dallas Oct. 28, 2020, no pet.) (mem. op.)]; *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.) ("Technically, there can be no default judgment in a divorce action."). Accordingly, a default divorce judgment is subject to evidentiary attack on appeal. *Heap-Welch*, 2020 WL 6304992, at *2.
>
> Evidence is legally insufficient to support a decree's property division when no evidence of the divided property's value is adduced. [*See, e.*]*g.*, *id.*; *Watson*, 286 S.W.3d at 524–25; *Wilson v. Wilson*, 132 S.W.3d 533, 537–38 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *O'Neal v. O'Neal*, 69 S.W.3d 347, 348–50 (Tex. App.—Eastland 2002, no pet.).

*B.K. v. T.K.*, No. 02-19-00472-CV, 2021 WL 2149621, at *2–3 (Tex. App.—Fort Worth May 27, 2021, no pet.) (mem. op.).

Here, the appellate record consists solely of a clerk's record and a first supplemental clerk's record. The record contains Marcia's affidavit, but her affidavit does not set forth any property or any property values:

My name is Marcia MacLellan. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am presently married to Daniel Gregory MacLellan.

Before the filing of this suit, I was a domiciliary of Texas for the preceding six-month period and a resident of Denton County, Texas[,] for the preceding ninety-day period.

We were married on January 18, 2014, and we ceased to live together as spouses on or about April 5, 2021.

Our marriage has become insupportable because of a discord or conflict of personalities that destroys the legitimate ends of the marriage relationship.

There is no reasonable expectation of reconciliation.

There are no children born during this marriage.

There are no children adopted during this marriage.

There is no child expected at this time.

There has been no family violence or abuse within two years before or during this suit.

There is no bankruptcy proceeding affecting this suit.

I have submitted a decree of divorce, which I have signed.

The divorce decree dedicates four and a half pages to dividing the parties' property and debts. The record, however, does not reflect that the trial court was apprised of any information regarding the value of the property or debts and, as a result, does not establish that the division was fair and equitable. Accordingly, the trial court had insufficient evidence to divide the property equitably and thus abused

7

its discretion in its division of the parties' marital estate.  *See B.K.*, 2021 WL 2149621, at *3; *Heap-Welch*, 2020 WL 6304992, at *2.

With respect to the trial court's division of the marital estate, we hold that Daniel has shown that error exists on the face of the record.  We therefore sustain Daniel's sole issue.

## IV.  Conclusion

Having determined that the record contains evidence to support the portion of the decree that grants the divorce but having determined that Daniel has shown error in the decree's property division on the face of the record, we affirm the portion of the divorce decree that grants the divorce, but we reverse the remainder of the decree and remand the case for a new trial regarding property division.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  December 22, 2022