Bruce MASON, Appellant,

v.

Ruby Mae MASON, Appellee.

No. 12930.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1955.

Lloyd & Lloyd, Homer E. Dean, Jr., Alice, for appellant.

John C. Mullen, Alice, for appellee.

NORVELL, Justice.

The decree dissolving the marriage of the parties must be reversed because the evidence fails to meet the "full and satisfactory" test of Article 4632, Vernon's Tex. Ann.Stats. With the exception of appellee's testimony that appellant had called her a liar, the statement of facts disclosed no more than conclusions by appellee adduced by leading questions. Such testimony does not meet the required statutory test. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Garcia v. Garcia, Tex.Civ. App., 185 S.W.2d 227.

Appellee urges that as appellant was present in the courtroom and did not testify, nor object to her stated conclusions or the form of the questions put to her, an inference arose as to the existence of grounds for divorce. In fact, appellee in her brief alludes to other and further evidence she could have produced had appellant elected to take the stand and deny the allegations of her petition.

It may be, as inferred in appellee's brief, that her failure to further develop her case was occasioned by a laudable desire not to stigmatize the father of her children, but, obviously, if appellate review is to be effective, we must proceed upon the record of the evidence as actually made in the court below and not upon statements in the briefs as to evidence that could have been produced. Default and nil dicit judgments are not recognized in divorce cases, but "the decree of the court shall be rendered upon full and satisfactory *evidence* * * * affirming the material facts alleged in the petition." Article 4632.

The judgment of the trial court is reversed and judgment here rendered dismissing this cause without prejudice.