**Malissa ROA, Appellant,**

v.

**Rafael ROA, Appellee.**

No. 2–97–212–CV.

Court of Appeals of Texas,
Fort Worth.

May 21, 1998.

Loe Warren Rosenfield Kaitcer, Monroe Allen Windsor, Fort Worth, for Appellant.

Law Office of Bonnie Cade, Virginia S. White, Arlington, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

The trial court granted a final judgment of divorce in Appellant Malissa Roa's absence. Malissa brings two issues on appeal, attacking only those portions of the judgment addressing child custody, visitation, and support. We reverse the trial court's judgment.

Malissa and Appellee Rafael Roa married in Bexar County on May 10, 1986, and three weeks later moved to Hidalgo County. Their three children were born in Hidalgo County. The Roas bought a home in Hidalgo County and lived there until August 1991, when they moved to Mexico City.

The Roas experienced marital difficulties, and Malissa moved to Bexar County in 1992, leaving the children with Rafael in Mexico City. Rafael, still living in Mexico City, filed for divorce in Hidalgo County in 1993. The Hidalgo County court named Malissa temporary managing conservator of the children and Rafael temporary possessory conservator.

When Malissa went to pick up the children in Mexico City, she reconciled with Rafael. Malissa resumed living in Mexico City with Rafael and the children, and Rafael dismissed his divorce petition. In 1996, while still living in Mexico City, the Roas refinanced their house in Hidalgo County, designating it as their primary residence.

Rafael petitioned to divorce Malissa on January 30, 1997 in Tarrant County. His petition listed his parents' address as his "permanent address" and his home of over six years in Mexico City as his "current residence." Malissa made a special appearance on February 13, challenging the juris-

diction of Texas courts. The same day, she filed a plea in abatement and a motion to transfer venue to Hidalgo County.

Malissa petitioned for divorce in Hidalgo County on February 25. On February 27, Rafael filed his first amended petition for divorce in Tarrant County and served it on Malissa by hand delivery to her attorney. Apparently in response to her jurisdictional and venue challenges, Rafael amended his petition to list his home in Mexico City as his "temporary residence."

Although Rafael claimed to be a resident of Tarrant County in both his original and amended petitions, he admitted under oath that he had not lived in Tarrant County since before his marriage to Malissa and that Malissa had never lived in Tarrant County. Malissa has never filed a tax return in Tarrant County, and Rafael has not since before their marriage. Rafael testified, nevertheless, that he considers Tarrant County his permanent residence.[1]

Although he never voted, Rafael registered to vote with his parents' Tarrant County address. Rafael also applied for and received a driver's license with his parents' address. He admitted under oath not informing Malissa of his changing addresses. Also noteworthy is that someone requested that Malissa's Sears bills be sent to Rafael's parents' address without her knowledge. Interestingly, Rafael admitted that he continued to sleep in the same bed with Malissa in Mexico after he filed for divorce in Tarrant County.

Malissa appeared by counsel for the hearing on her special appearance, which the associate judge denied. She appealed his decision to the elected judge. Malissa appeared in person and by counsel at an April 1 hearing, at which the elected judge heard her appeal, her motion to transfer, and her plea in abatement.

The trial judge did not rule on these matters at that time, but the next day signed a

---

1. Rafael's counsel likens his residence in Mexico to a soldier being stationed overseas. However, the Family Code provision on which Rafael relies is expressly limited to those "in the service of the armed forces or other service of the United States or of this state." Act of May 28, 1973,

63 rd Leg., R.S., ch. 577, § 14, 1973 Tex. Gen. Laws 1596, 1603 *repealed by* Act of April 3, 1997, 75 th Leg., R.S., ch. 7, § 3, 1997 Tex. Gen. Laws 8, 43 (current version at TEX. FAM.CODE ANN. § 6.303 (Vernon Supp.1998)). Rafael, being in private employ, does not meet this requirement.

written order denying Malissa's special appearance, motion to transfer venue, and plea in abatement. The same day, without notifying Malissa that he had denied her special appearance, motion to transfer venue, and plea in abatement, the trial judge heard the final trial of the divorce action ex parte. The court granted Rafael a default judgment and final decree of divorce, finding that Malissa "although duly and properly cited, did not appear and wholly made default."

■ Although Rafael told Malissa in chambers that the trial court would "default her" the following day,[2] he never served her with a written motion for default judgment or notice of the trial setting. Nor did the court set a date for the default judgment hearing or final trial of the case. On April 9, Malissa filed a general denial. On April 25, she filed a motion for new trial. The trial court denied Malissa's motion for new trial on June 10.

■ In her first issue, Malissa complains that the trial court erred in denying her plea in abatement because Rafael had not been a resident of Tarrant County for at least ninety days before petitioning for divorce on January 30, 1997. The Family Code provided, "No suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has ... a resident of the county in which the suit is filed for the preceding ninety-day period."[3] We must review a trial court's determination of residence under an abuse of discretion standard.[4]

■ Generally, there is no abuse of discretion when there is some evidence to support the trial court's finding on an issue of fact.[5] We may not find an abuse of discretion merely because we would have decided a factual matter differently than did the trial court.[6] Because there is some evidence, albeit extremely weak, to support the trial court's finding that Rafael was a resident of Tarrant County for at least ninety days before petitioning for divorce, we overrule Malissa's first issue.

■ In her second issue, Malissa complains that the trial court abused its discretion in denying her motion for new trial. Specifically, she contends that the trial court should have granted her motion for new trial because she was not given proper notice of the final trial setting. A party who has made an appearance in a contested proceeding, by filing a written answer or otherwise, is entitled to 45 days' notice of the trial setting.[7] The rules of civil procedure unequivocally provide that "an answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas."[8] Thus, Malissa's plea in abatement[9]

2. The parties and the trial court consistently refer to the final judgment as a default. We do so as well for lack of a better term. We note that, technically, there can be no default judgment in a divorce action. See Marr v. Marr, 905 S.W.2d 331, 335 (Tex.App.—Waco 1995, no writ) (Thomas, C.J., concurring); Mason v. Mason, 282 S.W.2d 320, 320 (Tex.Civ.App.—San Antonio 1955, no writ). Because a petitioner's allegations are not taken as confessed by a respondent's failure to answer, the petitioner is required to prove the allegations at the final hearing on the case. See Act of May 28, 1973, 63rd Leg., R.S., ch. 577, § 19, 1973 Tex. Gen. Laws 1596, 1604 repealed by Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 3, 1997 Tex. Gen. Laws 8, 43 (current version at Tex. Fam. Code Ann. § 6.701 (Vernon Supp.1998)); Considine v. Considine, 726 S.W.2d 253, 254 (Tex.App.—Austin 1987, no writ); Mason, 282 S.W.2d at 320; Swartz v. Swartz, 76 S.W.2d 1071, 1071 (Tex.Civ.App.—Dallas 1934, no writ).

3. Act of May 28, 1973, 63rd Leg., R.S., ch. 577, § 13, 1973 Tex. Gen. Laws 1596, 1603 repealed by Act of April 3, 1997, 75th Leg., R.S., ch. 7,

§ 3, 1997 Tex. Gen. Laws 8, 43 (current version at Tex. Fam. Code Ann. § 6.301 (Vernon Supp. 1998)).

4. See Schreiner v. Schreiner, 502 S.W.2d 840, 843 (Tex.Civ.App.—San Antonio 1973, writ dism'd).

5. See Texas Dep't of Health v. Buckner, 950 S.W.2d 216, 218 (Tex.App.—Fort Worth 1997, no writ).

6. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

7. See Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex.1992); see also Tex.R. Civ. P. 245.

8. Tex.R. Civ. P. 85.

9. See Tex.R. Civ. P. 85; Alcala v. Williams, 908 S.W.2d 54, 56 (Tex.App.—San Antonio 1995, no writ); Schulz v. Schulz, 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ); Martinec v.

and her motion to transfer venue[10] each constitutes an answer.

Moreover, the record reflects that Malissa appeared to participate in every scheduled hearing. Even Rafael concedes that Malissa personally appeared to litigate her motion to transfer venue and plea in abatement. She was, therefore, entitled to proper notice of the final trial setting.

Rafael cites *Craddock v. Sunshine Bus Lines, Inc.* in arguing that we should consider additional factors to determine whether the trial court abused its discretion in denying Malissa's motion for new trial.[11] *Craddock* is inapposite because it addresses situations where a defendant does not answer or otherwise appear. We find that the trial court abused its discretion in denying Malissa's motion for new trial after erroneously finding that she "wholly made default."[12]

Rafael cites *Carle v. Carle* in arguing that a litigant is estopped from appealing a judgment after having accepted the benefits of that judgment.[13] His reliance on *Carle* is misplaced. While Malissa has accepted the decree of divorce and division of property, she has not accepted those portions of the judgment addressing child custody, visitation, and support, which she attacks on appeal.[14] Moreover, issues related to the custody of children are severable from the remainder of a divorce decree.[15]

We sustain Malissa's second issue. We reverse the trial court's judgment and remand for a new trial only on the issues of child custody, visitation, and support. We affirm the remainder of the judgment.

---

Maneri, 494 S.W.2d 954, 955–56 (Tex.Civ.App.—San Antonio 1973, no writ).

10. *See* Tex.R. Civ. P. 85.

11. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

12. *See Faunce v. NCNB Tex. Nat'l Bank,* 846 S.W.2d 876, 877–78 (Tex.App.—Houston [14th Dist.] 1992, no writ) (op. on reh'g).

13. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).

14. Rafael's reliance on *Carle* would have been misplaced even if Malissa had accepted those portions of the judgment addressing child custo-dy, visitation, and support. In cases where acts of fraud and misrepresentation were likely committed by one spouse, the other spouse is not estopped from pursuing the appeal merely because she accepted the benefits of the judgment. *See Wheeler v. Wheeler,* 713 S.W.2d 148, 151 (Tex.App.—Texarkana 1986, writ dism'd). The record in this case is replete with instances where Rafael likely committed acts of fraud and misrepresentation.

15. *See Lipshy v. Lipshy,* 525 S.W.2d 222, 224 (Tex.Civ.App.—Dallas 1975, writ dism'd); *see also McKnight v. McKnight,* 543 S.W.2d 863, 864 (Tex.1976) (affirming the portion of a divorce decree concerning child custody and reversing and remanding for new trial the portion concerning property division).