COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-365-CV

 

 

DONALD RAY WATSON                                                       APPELLANT

 

                                                   V.

 

DEBORAH R. WATSON                                                           APPELLEE

 

                                              ------------

 

           FROM THE 231ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








In this restricted appeal,[1]
Donald Ray Watson appeals from a post-answer default final decree divorcing him
from Deborah R. Watson.  In seven issues,
Donald argues that the evidence is legally and factually insufficient to
support those parts of the decree dividing the property and awarding spousal
maintenance to Deborah, and he contends that the decree recites an incorrect
postjudgment interest rate.  We affirm in
part, reverse and render in part, and reverse and remand in part.

                                            Background

Donald and Deborah married in 1992.  Donald filed for divorce in December 2007;
Deborah filed a separate petition, and the two cases were consolidated.  On January 31, 2008, an associate judge
signed a report noting that Donald had failed to appear for a hearing and
making several interim awards in Deborah=s favor,
including awards of $1,800 per month spousal maintenance and $5,000 in interim
attorney=s
fees.  The presiding judge approved the
report on the same day.

The trial court held a final trial on the merits
on March 25, 2008.  The trial court noted
on the record that Donald had again failed to appear despite having received
notice of trial.  Deborah offered brief
testimony; it comprises fewer than six pages of the reporter=s
record.  Concerning the parties=
property and her own attorney=s fees,
Deborah testified as follows:

Q.  And you=re asking for specific divisions of property; is
that correct?

 

A.  Yes.

 

Q.  And those are included in the decree that has
been handed to the judge; is that correct?

 

A.  Yes.

 








Q.  Basically you=re asking for everything
that=s in your possession and
he keep everything that=s in his possession?

 

A.  Yes.

 

Q.  And there are some bank accounts which you
have no knowledge of; is that correct?

 

A.  Yes.

 

Q.  Are you
asking the Court to order him to keep those bank accounts and any ensuing fees
that regard that bank account ‑‑ those bank accounts?

A.  Yes.

 

Q.  There are also some doctor=s bills that he has
incurred that you have no knowledge of; is that correct?

 

A.  Yes.

 

Q.  And you=re asking the Court to make him responsible for
payment of all of those debts regarding any doctor=s fees, any overcharges
of the bank and anything dealing with those debts; is that correct?

 

A.  Yes.

 

Q.  There=re also some other properties that you don=t know anything about,
and you don=t want to be responsible
for that, correct?

 

A.  Yes.

 

Q.  Are you asking the Court to approve the
decree that=s been shown to the judge
and to order all of the division of property and division of debt as requested B

 

A.  Yes.

 

Q.  ‑‑ and as ‑‑ and as
delineated in the decree?








A.  Yes.

 

. . .
.

 

Q.  There are also some orders regarding attorney=s fees and court costs,
and you=re asking the court to
approve and order those; is that correct?

 

A.  Yes.

 

The only exhibit Deborah offered was a letter notifying Donald of the
trial and a certified mail receipt showing he received the letter. 

Immediately after Deborah=s last
answer recited above, the trial court stated the following ruling on the
record:

All right.  Based upon a review
of the file and based upon Respondent=s Exhibit 1 that 
is admitted in this cause, which is the notice letter to Mr. Watson, the
Court approves the final decree presented to me this morning finding that the
decree results [in]: One, a dissolution of the parties= marriage and a just and
right division of the estate.

 

Again, the divorce is granted, and it=s rendered effective
today. 

 








The trial court then signed a final decree of
divorceCpresumably
the one submitted by DeborahCthat
confirmed certain property as Deborah=s
separate property; divided the marital estate and debts; awarded Deborah a
$15,000 judgment against Donald; ordered Donald to pay Deborah $1,800 per month
in spousal maintenance until April 1, 2011, or Deborah=s death
or remarriage and awarded Deborah a judgment for $3,600 for unpaid interim
maintenance; awarded Deborah=s
attorney a judgment against Donald for $5,000 through trial and awarded Deborah
a judgment for additional attorney=s fees
on appeal if Donald pursued an unsuccessful appeal; and recited that all sums
awarded by the decree would accrue postjudgment interest at the rate of ten
percent per annum compounded annually. 
The decree=s marital property division
disproportionately favored Deborah, awarding her all of the property in her
name and possession and half of some property in Donald=s name
and possession, including various retirement accounts.

Donald filed untimely motions for new trial and
to extend appellate deadlines; the trial court denied both motions.  Donald then filed notice of this restricted
appeal.

                                        Restricted
Appeal








To prevail in a restricted appeal, an appellant
must show that (1) a notice of appeal was filed within six months of the date
the complained‑of judgment or order was signed; (2) appellant was a party
to the suit who did not participate in the hearing that resulted in the
judgment or order; (3) appellant did not timely file a post‑judgment
motion, request findings of fact and conclusions of law, or file a notice of
appeal within the time permitted under rule 26.1(a); and (4) the complained‑of
error is apparent from the face of the record. 
Tex. R. App. P. 30; Alexander v. Lynda=s
Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see Tex. R. App. P.
26.1(c).  Only the fourth elementCerror
apparent on the face of the recordCis at
issue here.  The face of the record, for
the purpose of a restricted appeal, consists of all papers on file in the
appeal, including the reporter=s
record.  Norman Comms., Inc. v. Tex.
Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (holding review on restricted
appeal may include legal and factual sufficiency of evidence issues).

                                 Legal
and Factual Sufficiency

In his first through fourth and sixth issues,
Donald argues that the evidence is legally and factually insufficient to
support the trial court=s division of community property
and debt, the judgments against Donald, the award of Deborah=s
attorney=s fees,
the confirmation of Deborah=s
separate property, and the award to Deborah of postdecree spousal
maintenance.  In his fifth issue, he
argues that Deborah failed to overcome the presumption against the award of
postdecree spousal maintenance.

1.     Standard of Review

A trial judge is charged with dividing the
community estate in a Ajust and right@ manner,
considering the rights of both parties. 
Tex. Fam. Code Ann. ' 7.001
(Vernon 2006); Moroch v. Collins, 174 S.W.3d 849, 855 (Tex. App.CDallas
2005, pet. denied).  The court has broad
discretion in making its just and right division, and absent a clear abuse of
discretion, we will not disturb that division. 
Murff v. Murff, 615 S.W.2d 696, 698B99 (Tex.
1981); Boyd v. Boyd, 131 S.W.3d 605, 610 (Tex. App.CFort
Worth 2004, no pet.).








In family law cases, the traditional sufficiency
standard of review overlaps with the abuse of discretion standard of review;
therefore, legal and factual insufficiency are not independent grounds of error
but are relevant factors in our assessment of whether the trial court abused
its discretion.  Boyd, 131 S.W.3d
at 611.  Accordingly, to determine
whether there has been an abuse of discretion because the evidence is legally
or factually insufficient to support the trial court=s
decision, we engage in a two-pronged inquiry: 
(1) did the trial court have sufficient evidence upon which to exercise
its discretion, and (2) did the trial court err in its application of that
discretion?  Id.; see also
Moroch, 174 S.W.3d at 857.  The applicable
sufficiency review comes into play with regard to the first question.  Boyd, 131 S.W.3d at 611.








Evidence is legally insufficient only when (a)
there is a complete absence of evidence of a vital fact, (b) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered, (c) the evidence offered to prove a vital fact is no more than a
scintilla, or (d) the evidence conclusively establishes the opposite of the
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); see City of Keller v. Wilson, 168 S.W.3d 802, 810
(Tex. 2005).  In determining the legal
sufficiency of evidence, we must consider evidence favorable to the finding if
a reasonable factfinder could and disregard evidence contrary to the finding
unless a reasonable factfinder could not. 
City of Keller, 168 S.W.2d at 827.  We must review all the evidence in the light
most favorable to the finding.  Id.;
Diamond Shamrock Ref. Co., L.P. v. Hall, 168 S.W.3d 164, 170 (Tex. 2005).

When there is no evidence or insufficient
evidence to support the property division or an award of attorney=s fees,
we must reverse and remand for a new trial. 
Sandone v. Miller-Sandone, 116 S.W.3d 204, 208 (Tex. App.CEl Paso
2003, no pet.).  When there is no
evidence or insufficient evidence to support a spousal maintenance claim, a
trial court abuses its discretion by granting spousal maintenance.  Dunn v. Dunn, 177 S.W.3d 393, 397
(Tex. App.CHouston [1st Dist.] 2005, pet.
denied).








The standard of review of a sufficiency issue is
heightened when the burden of proof at trial is clear and convincing
evidence.  In re J.F.C., 96 S.W.3d
256, 266B67 (Tex.
2002); In re C.H., 89 S.W.3d 17, 26 (Tex. 2002).  A party who seeks to assert the separate
character of property must prove that character by clear and convincing
evidence.  Tex. Fam. Code Ann. ' 3.003(b)
(Vernon 2006).  Clear and convincing
evidence is that measure or degree of proof that will produce in the mind of
the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established. 
Tex. Civ. Prac. & Rem. Code Ann ' 41.001(2)
(Vernon 2008); Tex. Fam. Code Ann. ' 101.007
(Vernon 2008); Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 31 (Tex.
1994).  In a legal sufficiency review of
a finding that property is separate in character, we review all the evidence in
the light most favorable to the finding to determine whether a reasonable trier
of fact could have formed a firm belief or conviction that the finding was
true.  In re J.F.C., 96 S.W.3d at
266.

Technically, there can be no default judgment in
a divorce action.  Roa v. Roa, 970
S.W.2d 163, 165 n.2 (Tex. App.CFort
Worth 1998, no pet.).  Even when a
respondent fails to file an answer to a petition seeking divorce, the
petitioner is required to prove the allegations at the final hearing on the
case because a petitioner=s allegations are not taken as
confessed by a respondent=s failure to answer.  Id.

2.     Analysis

Donald argues that the evidence presented at
trialCDeborah=s five
pages of testimonyCcontains no evidence concerning
the size of or assets in the community estate, the value or extent of Deborah=s
separate property, the value of the property or debt awarded to either party,
any basis for the disproportionate award in favor of Deborah, any basis for
determining whether the trial court made a just and right division of the
marital property and debts, Deborah=s
eligibility for postdecree spousal maintenance, and the reasonableness and
necessity of Deborah=s attorney=s fees.








This case is similar to O=Neal v.
O=Neal, 69
S.W.3d 347 (Tex. App.CEastland 2002, no pet.).  There, as here, only the appellee presented
testimony at trial, and his testimony comprised just four pages.  Id. at 349.  As he testified, the appellee referred to the
proposed decree he had submitted to the trial court and testified that the
division of the parties= assets and debts as set out in
the proposed decree was Afair and equitable.@  Id. at 350.  The court of appeals held that the trial
court abused its discretion by dividing the marital estate because

[t]here is no evidence in
the record of the value of any of the property divided by the trial court.  The real property is described in the decree
by a legal description.  There is no
evidence as to improvements, if any, located on the land.  There is no evidence that the real property
was appellee=s separate property.

 

Id.  The court
of appeals affirmed the divorce but reversed the property division and remanded
the case for a new trial.  Id.








The similar lack of evidence in our case compels
a similar result.  There is no evidence
of the extent or value of the marital estate or debts.  There is no evidence to support a
disproportionate division of the community estate.  See Wells v. Wells, 251 S.W.3d 834,
841 (Tex. App.CEastland 2008, no pet.) (AA
disproportionate division must have a reasonable basis.@).  There is no evidence, let alone clear and
convincing evidence, to overcome the community property presumption and confirm
certain property as Deborah=s
separate property.  See Tex. Fam.
Code Ann. ' 3.003.  There is no evidence to support the trial
court=s award
of attorney=s fees to Deborah through trial
or on appeal.  There is no evidence to
support the trial court=s award of $15,000 to
Deborah.  There is no evidence to support
the trial court=s award of $3,600 to Deborah for
unpaid spousal maintenance due under the associate judge=s
report.  There is no evidence to support
the award of postdecree spousal maintenance or overcome the presumption against
such an award.  See id. '' 8.051B.053
(Vernon 2006) (setting out evidentiary requirements for maintenance award and
establishing presumption against maintenance). 
In short, there is no evidence to support any part of the final decree
except the provision granting the parties=
divorce, which Donald does not contest.








Deborah argues that the awards in the final
decree Aare
nearly identical@ to those in the associate judge=s report
and that the report is some evidence that supports the trial court=s final
decree.  In the absence of a written
request for a trial de novo, a referring court may adopt an associate judge=s
findings of fact, conclusions of law, and proposed order or judgment.  Id. '' 201.005(a),
201.014(a) (Vernon 2008).  Three of the
associate judge=s awards and ordersCthe
awards of spousal maintenance and attorney=s fees
and the order that Donald pay $15,000 to a mortgage companyCappear
at first glance Anearly identical@ to
provisions in the final decree.  But
closer inspection reveals that the associate judge=s report
concerned only interim reliefCinterim
possession of marital property, interim payment of debts, interim spousal
maintenance, and interim attorney=s
fees.  The report says nothing about
final division of the marital estate and debts, confirmation of separate
property, or attorney=s fees on appeal.  Moreover, the final decree orders Donald to
pay $15,000 to Deborah, not to a mortgage company.  Thus, to the extent Deborah argues that the
trial court merely adopted the findings, conclusions, and proposed judgment of
the associate judge, the differences between the associate judge=s report
and the final decree prove otherwise. 
Likewise, to the extent that Deborah argues the associate judge=s report
is itself Aevidence,@ the
report cannot support the final decree because of the fundamentally different
relief awarded by the two documents.

We hold that because Deborah presented no
evidence concerning the parties= marital
assets and debts; her own separate property; or her entitlement to spousal
maintenance, attorney=s fees, and money judgments, the
trial court lacked sufficient evidence upon which to exercise its discretion
with regard to these matters.  See
Moroch, 174 S.W.3d at 857;  Boyd,
131 S.W.3d at 611.  This error is
apparent on the face of the record.  See
Tex. R. App. P. 30; Alexander, 134 S.W.3d at 848.  We therefore sustain Donald=s first,
second, third, fourth, and sixth issues. 
Moreover, because Deborah failed to present any evidence to rebut the
presumption that she is not entitled to spousal maintenance, we hold that the
trial court abused its discretion by failing to render a take-nothing judgment
on her postdecree maintenance claim, and we sustain Donald=s fifth
issue.  See Temple ISD v. English,
896 S.W.2d 167, 169 (Tex. 1995) (holding a presumption requires a finder of
fact to reach a particular conclusion in the absence of contrary evidence).








                                      Postjudgment
Interest

In his seventh issue, Donald argues that the
trial court erred by reciting a postjudgment interest rate of ten percent per
annum instead of six percent in the final decree.  Deborah concedes that the trial court so
erred.  We therefore sustain Donald=s
seventh issue.

                                             Conclusion

Having sustained all of Donald=s
issues, we affirm only that part of the final decree that grants the parties=
divorce.  We reverse the remainder of the
final decree, render judgment that Deborah take nothing by her spousal
maintenance claim, and remand the case for a new trial.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DELIVERED:  April 30, 2009











[1]See Tex. R. App. P. 30.