# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00011-CV

**Steven J. Steele, Appellant**

**v.**

**Raquel J. Steele, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT NO. 06-D-070, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Having previously granted appellant Steven J. Steele's motion for rehearing and withdrawn our opinion and judgment dated May 4, 2007, we substitute the following opinion in place of the earlier one.

This is a restricted appeal from a default judgment granting a final divorce decree between appellant Steven J. Steele and appellee Raquel J. Steele, now Raquel M. Juarez.[1] After initially determining that Steele had failed to timely file his notice of appeal of the trial court's October 12, 2006 judgment and dismissing the appeal for want of jurisdiction, we granted Steele's motion to amend his notice of appeal, thereby permitting him to proceed with this appeal as a restricted appeal. *See* Tex. R. App. P. 26.1, 30. By two issues divided into five sub-issues, Steele

---

[1] The judgment and notice of appeal both identify appellee as Raquel J. Steele. To avoid confusion, however, we will refer to her in this opinion as "Juarez," as she now identifies herself.

argues that: (1) he meets the requirements for a restricted appeal; (2) the trial court abused its discretion in failing to name him a joint managing conservator of his and Juarez's children, S.J.S., K.N.S., and R.D.S.; (3) there is no evidence in the record to support the trial court's setting of the amount of child support; (4) there is no evidence to support the trial court's division of the marital estate; and (5) there is no evidence to support the trial court's assessment of attorney's fees. For the reasons that follow, we affirm the final divorce decree in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2006, Juarez filed for divorce from Steele. Steele did not answer or otherwise appear. A brief hearing was held on October 12, 2006. The record shows that Juarez was the only witness to testify. She testified that she and Steele had three children during their marriage, S.J.S., K.N.S., and R.D.S. She stated that although Steele had been personally served with this suit for divorce on March 23, 2006, he had not made any appearance or answer; that the two had ceased to live together; and that their marriage had become unsupportable with no reasonable expectation of reconciliation. She further stated that she was seeking child support from Steele in accordance with the statutory guidelines in the amount of $580, as well as reimbursement for health insurance for all three children. Juarez also testified that she and Steele had divided all of their property and that the final divorce decree indicated how they had divided all of their debts. At the conclusion of the testimony, the trial court orally pronounced that the divorce "is granted on good and sufficient evidence." The same day, the trial court signed the divorce decree and orders for withholding Steele's wages for the payment of child support. The court also awarded Juarez $1,200 in attorney's fees.

2

On December 11, 2006, Steele filed a motion for new trial and, in the alternative, petition for bill of review, alleging that he had not received a copy of the October 12 divorce decree within twenty days of the date of the order, thereby entitling him to an extended time period to file his motion for new trial; that his failure to file an answer was the result of mistake, rather than conscious indifference; and that he had been prevented from defending himself in the divorce action because of Juarez's alleged fraud. Juarez filed a response, arguing that the trial court lacked plenary power to consider Steele's motion for new trial because it was not filed within thirty days of the signing of the final divorce decree. *See* Tex. R. Civ. P. 329b. After a hearing, the trial court found that Steele had actual notice of the October 12 judgment, concluded that it lacked plenary power "to do anything with this case, the 30 days having been run," and denied Steele's motion for new trial by order dated January 4, 2007.

On January 10, 2007, Steele filed his notice of appeal, arguing that in accordance with rule 306a of the rules of civil procedure, the appellate timetable should be calculated from the date he first obtained a copy of the judgment—November 7, 2006—rather than the date it was signed. *See* Tex. R. Civ. P. 306a(4) (providing that if within twenty days after judgment or other appealable order is signed, party or his attorney does not receive notice or actual knowledge of that event, then, with respect to that party, all periods for filing motions for new trial and other such documents begin on date that notice or actual knowledge of signing occurred).[2] To establish the applicability of this rule, the adversely affected party is required to prove in the trial court, on sworn motion and notice,

---

[2] The rule further provides that such time periods cannot begin more than ninety days after the original judgment or other appealable order was signed. *See* Tex. R. Civ. P. 306a(4).

the date on which the party or his attorney first either received notice of the judgment or acquired actual knowledge of the signing. Tex. R. Civ. P. 306a(5).

An appellate court can review the sufficiency of the evidence to support the trial court's findings concerning the date that a party received actual notice of a judgment. *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 766 n.1 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Accordingly, this Court initially determined in our now-withdrawn opinion that the trial court's finding that Steele had actual knowledge of the judgment on October 12, 2006, was supported by legally and factually sufficient evidence; therefore, Steele was not entitled to an extended timetable under rule 306a. In dismissing Steele's appeal for want of jurisdiction, however, this Court did not address Steele's motion to amend his notice of appeal and proceed instead with a restricted appeal.

By motion for rehearing, Steele again urged this Court to permit him to pursue a restricted appeal. After requesting a response from Juarez, we granted Steele's motions for rehearing and leave to amend his notice of appeal and withdrew our prior opinion and judgment. This restricted appeal followed.

## DISCUSSION

A restricted appeal is available for the limited purpose of providing a non-participating party an opportunity to correct an erroneous judgment. *Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied). To prevail on his restricted appeal, Steele must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment

4

motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). In light of our ruling on Steele's motion to amend his notice of appeal, the record establishes that each of the first three elements has been met. With respect to the fourth element, Steele argues that error is apparent on the face of the record because there is no evidence to support the trial court's judgment on the issues of conservatorship, possession of and access to the children, the division of the community estate, and the award of attorney's fees to Juarez.

The face of the record, for purposes of a restricted appeal, consists of all the papers, including the reporter's record, on file when the trial court rendered judgment. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex. 1991). Because a restricted appeal affords the same scope of review as an ordinary appeal, the appealing party may challenge the legal and factual sufficiency of the evidence to support the order rendered. *See Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). Thus, we now turn to Steele's arguments that certain portions of the trial court's order are unsupported by legally sufficient evidence.

### Standard of Review

In family law cases, the traditional sufficiency standards of review overlap with the abuse-of-discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). Accordingly, to determine whether there has been an abuse of discretion because the evidence is

5

legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry, determining whether (1) the trial court had sufficient evidence upon which to exercise its discretion, and (2) the trial court erred in its application of that discretion. *Id.*; *see Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). The applicable sufficiency review comes into play with regard to the first question. *Boyd*, 131 S.W.3d at 611. We must sustain a legal-sufficiency point: (1) when there is a complete absence of a vital fact; (2) when rules of law or evidence preclude according weight to the only evidence offered to prove a vital fact; (3) when the evidence offered to prove a vital fact is no more than a scintilla; or (4) when the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 & nn.15-16 (Tex. 2005).

In determining the legal sufficiency of the evidence, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Id.* at 827. We must review all the evidence in the light most favorable to the finding. *Id.*; *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005). When there is no evidence or insufficient evidence to support the property division or an award of attorney's fees in a divorce action, we must reverse and remand for a new trial. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.); *see Wolk v. Wolk*, No. 03-06-00595-CV, 2007 Tex. App. LEXIS 7474, at *11 (Tex. App.—Austin Sept. 12, 2007, no pet.) (mem. op.) (remanding assessment of attorney's fees and costs in connection with remand of division of marital estate when no evidence supported attorney's fee award).

Technically, there can be no default judgment in a divorce action. *Roa v. Roa*, 970 S.W.2d 163, 165 n.2 (Tex. App.—Fort Worth 1998, no pet.). Even when a respondent fails to file an answer to a petition seeking divorce, the petitioner is required to prove the allegations at the final hearing on the case because a petitioner's allegations are not taken as confessed by a respondent's failure to answer. *Id.*

### Conservatorship

In his first sub-issue, Steele argues that the final divorce decree violated the statutory presumption imposed by the family code provision that parents be named joint managing conservators. *See* Tex. Fam. Code Ann. § 153.131(b) (West 2006) ("It is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child."). The final divorce decree named Juarez sole managing conservator of the children, S.J.S., K.N.S., and R.D.S., and Steele possessory conservator of the children. Steele contends there was no evidence that the trial court considered the best interests of the children in making its conservatorship determination, and the trial court therefore abused its discretion by failing to appoint the parties joint managing conservators.

In her response to Steele's motion for rehearing, Juarez "concedes that the trial court abused its discretion by naming [her] as the sole managing conservator of the children." She further acknowledges that the record contains no evidence to support a determination that naming her the sole managing conservator is in the best interest of the children. Finally, she concedes, "a sole conservatorship was not sought in the pleadings and, therefore, as a matter of law, the trial court's order of a sole conservatorship is void." We sustain Steele's sub-issue as to conservatorship.

7

*Child Support*

By his second sub-issue, Steele contends there is no evidence in the record to support the trial court's setting of the amount of child support, which he asserts deviated from the statutory guidelines. Juarez concedes that the trial court abused its discretion by failing to hear evidence necessary to calculate net resources for the purposes of determining child-support liability and that the final divorce decree is defective for its failure to address the reductions in child support prescribed by section 154.001 of the family code. *See Newberry v. Newberry*, 146 S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("There must be some evidence of a substantive and probative character of net resources in order for this duty to be discharged."). We therefore sustain Steele's second sub-issue regarding the child-support order.

*Division of the Community Estate*

Steele argues in his third sub-issue that the division of community property cannot be upheld because the record is devoid of testimony concerning the value of the property or the debts. He complains specifically that the division of property includes a money judgment "for reimbursement to Raquel J. Steele of her separate property that was used for a down payment on the residence that has been repossessed" and a finding that the judgment is "enforceable by contempt" because the sums existed at the time the decree was rendered. He urges that there is no evidence in the record to support the award or the finding.

Juarez responds that the division is adequately supported by her testimony that she and Steele had divided all of their property and her request that the trial court approve all of the

8

terms presented in the final divorce decree.[3] We disagree. To the extent that assigning Steele liability for this judgment results in a disproportionate division of the community estate, it is unsupported by any evidence. Nor is Juarez's scant testimony sufficient evidence as to the extent or value of the marital estate or debts. *See O'Neal v. O'Neal*, 69 S.W.3d 347, 349-50 (Tex. App.—Eastland 2002, no pet.) (evidence was legally insufficient where only appellee testified at trial, testimony comprised just four pages, and appellee during his testimony merely referred to proposed decree he had submitted to trial court as evidence of value of marital estate). We sustain Steele's third sub-issue regarding the division of the community estate.

### *Attorney's Fees*

Finally, Steele argues that there is no evidence as to the reasonableness and necessity of Juarez's attorney's fees. Juarez maintains that the trial court was presented with sufficient evidence that it was necessary for her to hire an attorney because (1) Steele did not answer or appear in the trial court and (2) it was necessary to make arrangements regarding the community property, conservatorship, and child support for their three children. Even if we construe this as some evidence that attorney's fees were necessary, it is not evidence that $1,200 in attorney's fees were

---

[3] Juarez's testimony at the October 12 hearing consisted of the following:

Q.     Have you and your husband divided all of your property?

A.     Yes.

Q.     Does the final divorce decree indicate how you have divided your debts?

A.     Yes.

9

actually incurred or that such an award is reasonable. *See Barry v. Barry*, 193 S.W.3d 72, 76 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We therefore sustain Steele's fourth sub-issue.

## CONCLUSION

We hold that, because Juarez presented no evidence concerning conservatorship, child support, the parties' marital assets and debts, or attorney's fees, the trial court lacked sufficient evidence upon which to exercise its discretion with regard to these matters. *See Moroch*, 174 S.W.3d at 857; *Boyd*, 131 S.W.3d at 611. This error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Alexander*, 134 S.W.3d at 848. We therefore sustain Steele's first and second issues. Accordingly, we affirm only that part of the final decree that grants the parties' divorce; we reverse the remainder of the final decree and remand the cause to the trial court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed in Part; Reversed and Remanded in Part

Filed: August 19, 2009

10