

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00312-CV

_____

CHARLOTTE SKAGGS TAYLOR, Appellant

V.

WILLIAM CLARK TAYLOR, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 18-6356-442

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant Charlotte Skaggs Taylor files this pro se appeal from a default divorce decree.[1] Appellant attempts to raise three issues on appeal: (1) whether she received "verifiable" notice of the final hearing at which the divorce decree was entered;[2] (2) whether she received timely notice of the final divorce decree after it was entered; and (3) whether the trial court's division of the marital estate was "just and fair." However, Appellant has waived all three issues due to inadequate briefing.

Pro se appellants are held to the same standards as licensed attorneys and must comply with the applicable laws and rules of procedure; otherwise, pro se parties "would be given an unfair advantage over [parties] represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."); *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). An appellant— whether pro se or represented by counsel—must properly present her appeal in

---

[1] "Technically, there can be no default judgment in a divorce action." *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.); *Roa v. Roa*, 970 S.W.2d 163, 165 n.2 (Tex. App.—Fort Worth 1998, no pet.). As we have in the past, we use the term "default" in the context of a divorce decree only "for lack of a better term." *Roa*, 970 S.W.2d at 165 n.2; *see also Watson*, 286 S.W.3d at 520, 523.

[2] Specifically, Appellant appears to assert that she was entitled to notice "via U.S. Mail" or other "form not requiring internet access and computers."

accordance with the Texas Rules of Appellate Procedure. *Flores*, 2011 WL 2611140, at *2; *Strange*, 126 S.W.3d at 678.

The Rules of Appellate Procedure require an appellant's brief in a civil case to contain, among other things: (1) a statement of facts "pertinent to the issues or points presented . . . supported by record references"; (2) a "clear and concise argument for the contentions made[] with appropriate citations to authorities and to the record"; (3) a certificate of compliance "stating the number of words in the document"; and (4) an appendix containing specified items such as the "order from which relief is sought" and electronically filed with the brief as a single bookmarked document.[3] *See* Tex. R. App. P. 9.4(i)(3), (j)(4), 38.1(g), (i), (k)(1). Appellant's original brief contained a one-sentence statement of facts,[4] no record references, no citations to any legal authority, no certificate of compliance, and an appendix filed in six separate pdfs.[5]

---

[3]The recited formatting requirements for appendices are specific to electronic filings. *See* Tex. R. App. P. 9.4(j). Appellant filed her original brief electronically, although pro se appellants are not required to do so. *See* Tex. R. App. P. 9.2(c)(1).

[4]Appellant's statement of facts read as follows: "A divorce and divorce decree were ordered without the Appellant/Petitioner there to properly DEFEND herself as well as offer her side of the facts and suggested divorce decree."

[5]Appellant's brief included a table of contents for her appendix listing seven documents. However, only six of the seven documents were filed; the trial court's final divorce decree was referenced in Appellant's table of contents but was missing from her filing.

3

This court notified Appellant of the defects in her brief[6] on two distinct occasions: first informally returning her brief for corrections through the electronic filing system, then sending her a formal letter requesting an amended brief.[7] Appellant took no action in response to the informal request for corrections and—despite multiple extensions of time[8]—replied to the court's formal letter by removing the appendix entirely and filing an almost identical copy of the original brief with screenshots from Texas Jurisprudence pasted into her statement regarding oral argument.[9] Appellant's

---

[6]Appellant's original and amended briefs contained additional defects as well, such as the failure to provide an index of authorities. *See* Tex. R. App. P. 38.1(c). However, we limit our opinion to the defects of which this court expressly notified Appellant and requested correction.

[7]The court's initial, informal request for corrections through the electronic filing system did not specifically mention the absence of legal citations. However, this error was expressly identified—along with all other errors listed above—in the court's formal letter requesting an amended brief. Moreover, the court's notifications both cited the relevant Rules of Appellate Procedure, which set forth the full requirements of an appellant's brief in detail. *See* Tex. R. App. P. 9.4, 38.1.

[8]The court initially gave Appellant ten days to file her amended brief, setting a deadline of November 14, 2019. Appellant requested and received two extensions of time with a final deadline for her amended brief of January 13, 2020. She erroneously filed her amended brief with the Texas Supreme Court on that date, and—although her filing was promptly rejected—she did not notify this court of the error until February 28. The court then granted Appellant's tardy third motion for extension of time and accepted Appellant's amended brief for filing on March 11.

[9]Appellant's amended brief included an updated mailing address and a modified description of the nature of the case within her statement of the case. *See* Tex. R. App. P. 38.1(d) (requiring a concise statement of the case, including a description of the nature of the case). However, almost every other element of Appellant's amended brief was unchanged; Appellant even failed to update the date of the certificate of

4

amended brief—like her original brief—contained a one-sentence statement of facts, no record references,[10] no citations to legal authority, and no certificate of compliance, plus her amended brief lacked an appendix.[11] *See* Tex. R. App. P. 9.4(i)(3), (j)(4), 38.1(g), (i), (k).

We interpret the Rules of Appellate Procedure "reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see also* Tex. R. App. P. 38.9 (providing that substantial compliance with the briefing rules is sufficient); *Republic Underwriters Ins. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (quoting *Verburgt*). Nonetheless, it is "absolutely necessary" for a party asserting error on appeal to "acquaint the court with the issues in a case and to present argument that will enable the court to decide the case" by demonstrating how the record and the law support her contentions. Tex. R. App. P. 38.9; *Verburgt*, 959

service or to revise the table of contents to reflect her inclusion of the Texas Jurisprudence screenshots.

[10]Appellant's original and amended briefs both contained statements indicating Appellant's "understanding" that the trial court clerk and court reporter were "supposed to provide" this court with the record and that "they ha[d] been made aware too" of the October 2019 deadline for Appellant's original brief. These statements implied that Appellant did not realize the record had already been filed—despite this court notifying her of the filings—and that Appellant neither read nor referenced the record in the preparation of her appeal.

[11]We do not intend to suggest that the documents included in Appellant's original appendix were required or authorized under Texas Rule of Appellate Procedure 38.1(k).

S.W.2d at 616–17; *see San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (recognizing that "parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions"). Where, as here, an appellant provides a one-sentence statement of facts, no record references, no legal analysis, and no citations to relevant legal authorities, nothing is presented for our review. *See Sister Initiative, LLC v. Broughton Maint. Ass'n*, No. 02-19-00102-CV, 2020 WL 726785, at *25 (Tex. App.—Fort Worth Feb. 13, 2020, pet. denied) (mem. op.) ("An appellant's failure to cite legal authority to or provide substantive analysis of a legal issue presented results in waiver of the appellant's complaint."); *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 525 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) ("An issue unsupported by citation to any legal authority presents nothing for the court to review."); *Karen Corp. v. Burlington N. & Santa Fe Ry. Co.*, 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied) ("For this court to rule on an issue on appeal, the party who brings the point forward must support it by argument and authorities."); *see also San Saba Energy*, 171 S.W.3d at 338 (holding that—"[e]ven under a liberal construction" of the briefing requirements—appellant inadequately briefed issue where it "cite[d] no part of the record and ma[d]e no specific [legal] argument"). We cannot speculate as to the specific legal bases for Appellant's challenges to the trial court's divorce decree, nor can we "redraft and articulate for [A]ppellant what we think [she] meant to raise on appeal." *Strange*, 126 S.W.3d at 678

(holding the appellant's inadequate briefing failed to preserve any issues for review where the brief contained no argument, no record references, and no citations to legal authority). We thus overrule Appellant's issues and affirm the judgment of the trial court. *See* Tex. R. App. P. 38.1, 38.9.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: February 11, 2021